Thomas Theodore **KEITH**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 23148.

United States Court of Appeals,
Ninth Circuit.

Feb. 2, 1970.

Rehearing Denied March 12, 1970.

David E. Bordon (argued), San Francisco, Cal., for appellant.

David R. Urdan (argued), John Milano, Jerrold M. Ladar, Asst. U. S. Attys., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before BROWNING and HUFSTEDLER, Circuit Judges, and THOMPSON,[*] District Judge.

PER CURIAM:

Defendant was convicted after jury trial of two robberies of the Bank of America, 16th and Mission Streets Branch, San Francisco, committed on January 5, 1967 and April 14, 1967.

Shortly after the April 14 robbery, defendant became a suspect because his automobile was identified as being near the crime scene. FBI agents visited and interviewed him at his apartment that afternoon and searched his car in the garage below. At that time, the agents saw but did not seize a blue navy watch cap.

On April 20, the agents obtained a warrant of arrest and arrested defendant at his apartment. At that time, they searched the bedroom and seized a pair of white duck trousers and searched the car in the garage and seized the blue navy watch cap.

Motions to suppress the white trousers and blue cap were denied after full hearing. The Court found on conflicting evidence that defendant had consented to the April 14 search of the car. The Court also denied motions for discovery of the names of the witnesses and participants in the pre-trial identification lineups where defendant was identified by the victim tellers.

The witnesses to the April 14 robbery described the robber as wearing white pants. The pants in evidence were taken during a search incident to a lawful arrest on April 20, 1967, some years before June 23, 1969, the effective date of the restrictive ruling in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). See Williams v. United States, 418 F.2d 159 (9th Cir. 1969), decided October 17, 1969. The pants were legally seized.

Whatever error may inhere in the Court's ruling on pre-trial discovery, and we do not imply that there was error, was not properly preserved. There was no motion to suppress the identification testimony. Cf. United States v. Allison, 414 F.2d 407 (9th Cir. 1969). And the question of tainted identification was not raised at any time during the trial. The teller witnesses identified the defendant in Court and no pre-trial identification was mentioned on either direct or cross-examination. This is a case where defendant made a pre-trial discovery motion and elected to rest on the adverse ruling as a technical basis for reviewable error without making a record to show prejudice or an error of substance. It is not a situation where defendant was in

the dark. He was present at the pretrial identification lineups. Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), and United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), are not retroactive and are inapplicable to this case.

In view of the foregoing, the conviction on the April 14 robbery is unassailable and must be affirmed.

Applying the established rule in this Court, we need not consider the claimed error resulting from the denial of defendant's motion to suppress the watch cap. The error, if any, affected solely his conviction for the robbery on January 5, 1967, for which he received a ten year sentence concurrent with the ten years imposed for the robbery on April 14, 1967. Duran v. United States, 413 F.2d 596 (9th Cir. 1969); Marshall v. United States, 409 F.2d 925 (9th Cir. 1969).

Affirmed.