**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Humberto MARTINEZ, Defendant-Appellant.**

**No. 23634.**

United States Court of Appeals, Ninth Circuit.

April 23, 1970.

Alvin S. Michaelson (argued), Luis H. Garcia, Los Angeles, Cal., for defendant-appellant.

Tom Kontos (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Craig Jorgensen, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING, HUFSTEDLER, and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant was convicted in a trial to the court, sitting without a jury, of receiving, concealing and facilitating the transportation and concealment of marihuana in violation of 21 U.S.C. § 176a.

Appellant contends that his conviction must be reversed on the basis of the invalidation in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), of the section 176a presumption which authorized the trial judge to infer that appellant knew the marihuana was illegally imported from the fact that appellant possessed the marihuana.

In McClain v. United States, 417 F.2d 489 (9th Cir. 1969), we affirmed a conviction by a trial judge over a similar objection. In *McClain* the evidence of defendant's actual knowledge of and participation in a plan of illegal importation was strong. There was nothing in the record, in the form of specific findings or otherwise, to suggest that the judge relied upon the inference; and the judge's comments clearly indicated that he had relied instead upon the strong proof of defendant's knowing participation in the scheme of illegal importation. We were therefore able to conclude from the record that the trial judge did not base his finding of knowledge of illegal importation upon the statutory inference but rather upon the evidence that defendant knowingly participated in the joint venture to smuggle the marihuana.

We are unable to arrive at that conclusion in this case. Here as in *McClain,* the record does not affirmatively establish that the court relied upon the inference. Unlike *McClain,* however, in this case the record is barren of any indication that the judge did not rely upon the inference, and the evidence of knowing participation in the scheme of illegal importation is weak—impaired, as the trial court noted, by "inconsistencies" and "confusion." In these circumstances a new trial is required. Howard v. United States, 423 F.2d 1102, 1104 (9th Cir. 1970).

Reversed.