**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Wallace Eugene WONG, Defendant-Appellant.**

**No. 23354.**

United States Court of Appeals, Ninth Circuit.

June 5, 1970.

Alan Saltzman (argued), Hollywood, Cal., for appellant.

David P. Curnow (argued), Asst. U.S. Atty., Michael D. Nasatir, Asst. U.S. Atty., Wm. Matthew Byrne, Jr., U.S. Atty., Los Angeles, Cal., for appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and SMITH, District Judge.*

HAMLIN, Circuit Judge.

The opinion heretofore filed in the above case on February 5, 1970 is withdrawn and set aside. The petition for rehearing thereon is denied.

The following is substituted as the opinion of the court:

Wallace Eugene Wong, appellant herein, was charged in a nine-count indictment filed in the United States District Court for the Central District of California, with participation in three separate transactions involving cocaine. Counts 1, 2 and 3 involved a transaction upon November 1, 1967; Counts 4, 5 and 6 involved a transaction on February 9, 1968; and Counts 7, 8 and 9 involved a transaction on February 20, 1968.

In Counts 1, 4 and 7 appellant was charged with having unlawfully received, concealed and facilitated the concealment and transportation of a stated amount of cocaine which appellant knew had previously been imported into the United States contrary to Title 21, United States Code, § 174.

In Counts 2, 5 and 8 appellant was charged with having sold stated amounts of cocaine to an agent and that appellant knew that the cocaine had been imported into the United States contrary to said section 174.

In Counts 3, 6 and 9 appellant was charged with having transferred stated amounts of cocaine to an agent without obtaining from him a written order on a form issued for that purpose by the Secretary of the Treasury of the United States, violations of Title 26, United States Code, § 4705(a).

Appellant was convicted after a trial by jury on all nine counts. He received sentences of five years upon all counts, said sentences to run concurrently. Appellant filed a timely appeal to this court which has jurisdiction under 28 U.S.C. § 1291.

As to his convictions under Counts 3, 6 and 9—violations of 26 U.S. C. § 4705(a)—appellant contends that obtaining the necessary order form contemplated by section 4705(a) would incriminate him in violation of his constitutional privilege, and that even if he had asked for such a form the narcotics agent would not have had a form for him. The United States Supreme Court in Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969), held adversely to appellant's self-incrimination argument. "[T]he alleged possibility of incrimination is purely hypothetical." 396 U.S. at 97, 90 S.Ct. at 289. The short answer to appellant's second argument is that if the agent failed to produce the form upon request, appellant should not have transferred the narcotic. "Nothing in the Fifth Amendment prevents Congress from restricting a seller's market to specified classes of duly licensed buyers." *Minor, supra*, at 93 n. 4, 90 S.Ct. at 287.

Since appellant received concurrent sentences on all nine counts we de-

---

* Honorable Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

cline, in the exercise of our discretion, to consider the problems raised by appellant's convictions on Counts 1, 2, 4, 5, 7 and 8. See, *e. g.*, United States v. Felix, 425 F.2d 240 (9th Cir. 1970); Jordan v. United States, 416 F.2d 338, 346 (9th Cir. 1969).

Affirmed.