Charles Gene JOHNSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 24393.

United States Court of Appeals, Ninth Circuit.

May 22, 1970.

As Modified June 19, 1970.

* Hon. James F. Battin, United States District Court Judge, Billings Montana, sitting by designation.

**538**

———◆———

Gabriel A. Gutierrez (argued), Los Angeles, Cal., for appellant.

Irving Prager (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before ELY and CARTER, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM.

Johnson was convicted on seven counts of violations of 21 U.S.C. § 174 and 21 U.S.C. § 4705(a). Six of the counts consisted of three counts each for two transactions in the sale of heroin. The seventh count charged Johnson with concealment of an additional quantity of heroin. Following his conviction, Johnson was sentenced to a term of imprisonment of six years on each count, the sentences to run concurrently.

The first of the two transactions took place when a man named Weber contacted a Government informer, one Yunis, to arrange for the sale of some heroin to a buyer known to Yunis. Weber and Johnson drove to Yunis' residence, and Weber went inside while Johnson waited in the car. Weber and Johnson then went to a nearby restaurant to wait for Yunis, who arrived shortly to notify Weber that arrangements had been made and that the transaction could be completed at Yunis' residence. En route to that residence, Johnson's car ran out of fuel, and they called Yunis, asking that he bring them gasoline. When Yunis arrived, he was accompanied by FBI agent Lusardi, who remained in the car while Yunis met with Weber outside Johnson's car. According to Yunis, Johnson handed the heroin to Weber, who passed it to Yunis in return for $150. Yunis' testimony was somewhat ambiguous. Both Weber and Johnson denied that Johnson took part in this transaction, but agent Lusardi testified that Johnson was present when the transaction occurred.

The second transaction involved the same parties with the exception of Johnson. Agent Lusardi purchased heroin from Weber with $400 in bills whose

---

* Honorable William J. Jameson, United States District Judge, Billings, Montana, sitting by designation.

serial numbers had been recorded. Agents followed Weber to an apartment belonging to a co-defendant named Awalt. After the agents announced their presence and the fact that they had an arrest warrant for Weber, they heard sounds of people running and furniture being moved, at which point they forced entry into the apartment. Weber, Johnson and Awalt were found in the apartment's kitchen. About 41 grams of heroin were later discovered in the drain of the kitchen sink. Three hundred eighty dollars of the four hundred previously passed to Weber were found on Johnson.

■ Johnson first argues that the trial court should have instructed the jury that when circumstantial evidence is relied on by the prosecution, the jury must be convinced that the evidence excludes every reasonable hypothesis except that of guilt. This contention was answered, adversely to Johnson, by comments made in United States v. Nelson, 419 F.2d 1237 (9th Cir. 1969). Furthermore there was direct evidence of Johnson's involvement in the first transaction, which formed the basis of the conviction on three counts. The testimony as to this transaction was somewhat vague, but the jury obviously accepted the incriminating testimony of the informant, vague though it was, and the testimony of agent Lusardi.

■ Under the concurrent-sentence rule, we need not consider Johnson's claims of error connected with his conviction on the other counts. Sinclair v. United States, 279 U.S. 263, 299, 49 S.Ct. 268, 73 L.Ed. 692 (1929); Pasterchik v. United States, 400 F.2d 696 (9th Cir. 1968); Ayala v. United States, 371 F.2d 515 (9th Cir. 1967).

Johnson raises other points, but these are wholly without merit.

Affirmed.