**UNITED STATES of America,
Appellee,
v.
Juan Conrad HOLMAN, Appellant.
No. 23282.**

United States Court of Appeals,
Ninth Circuit.

Dec. 8, 1970.

Neil A. Ray, of Cary, Durning, Prince & Smith, Seattle, Wash., for appellant.

Robert L. Meyer, U.S. Atty., Robert L. Brosio, Asst. U.S. Atty., Chief, Criminal Division, Edward J. Wallin, Asst. U.S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL, KOELSCH and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

Appellant was convicted in a non-jury trial of ten counts charging violations of federal narcotics and marihuana laws and sentenced to eight years on each count to run concurrently. The issues on appeal are (1) the constitutional validity of the statutes on which the convictions were based, and (2) whether appellant was denied effective representation by counsel. We hold that the convictions are valid on six counts and invalid on three counts. As a matter of judicial convenience, we decline to pass on the validity of the conviction on one count. We hold that appellant was not denied effective representation by counsel.

## I.

*The Constitutionality of the Statutes.*

The facts are set forth in detail in part II. Suffice it to state here that appellant engaged in two transactions wherein a narcotic agent and an informer met with him, and the agent, in the presence of the informer, purchased marihuana, heroin and cocaine. No tax stamps existed on any of the contraband, and no order forms were supplied by the agent to the appellant.

Appellant was charged in twelve counts. Counts 9 and 10 were dismissed. Appellant was convicted on the remaining counts.

Counts 1 and 2 charged appellant with concealing and selling heroin in violation of 21 U.S.C.A. § 174. The elements of these offenses are that appellant (1) knowingly concealed or sold heroin, (2) which was illegally imported, and (3) which he knew was illegally imported. Here, the Government proved the first

element. Appellant concedes that the statutory inference of § 174 of the latter two elements from possession is constitutional in case of heroin. Turner v. United States (1970) 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610. The convictions under counts 1 and 2 are affirmed.

■ Count 3 charged that appellant transferred heroin and count 11 that he transferred cocaine without obtaining a written order form in violation of 26 U.S.C.A. § 4705(a). Count 7 charged that appellant transferred marihuana without obtaining a written order form in violation of 26 U.S.C.A. § 4742(a). Neither § 4705(a) nor § 4742(a) deprived appellant of his Fifth Amendment privilege against self-incrimination. Minor v. United States (1969) 396 U.S. 87, 90 S. Ct. 284, 24 L.Ed.2d 283. The convictions under counts 3, 7 and 11 are affirmed.

■ Count 4 charged that appellant violated 26 U.S.C.A. § 4704(a). This section makes it unlawful (1) to purchase, sell, dispense, or distribute narcotic drugs (2) except in the original stamped package or from the original stamped package. The section provides that absence of the appropriate tax stamps shall be prima facie evidence of a violation by a person in whose possession the narcotic drugs are found. In Turner v. United States, *supra*, 396 U.S. pp. 420–421, 90 S.Ct. 642 the Supreme Court, in the face of a constitutional challenge, held the evidence of distributing heroin, not in or from a stamped package was sufficient, and affirmed a conviction for violation of § 4704(a). It also held that the instruction to the jury on the statutory presumption was harmless. Here, the evidence that appellant sold heroin not in or from the original stamped package was sufficient. The conviction under count 4 is affirmed.

Count 12 charged appellant with selling and distributing cocaine not in or from its original stamped package in violation of § 4704(a). In Turner v. United States, *supra*, the defendant was charged in count 4 with purchasing, pos-

sessing, dispensing and distributing cocaine not in or from the original stamped package in violation of 26 U.S.C.A. § 4704(a). Only possession was proved. The presumption that a violation could be based on possession became critical [p. 423] and the conviction on count 4 was reversed.

In the instant case as to count 12, appellant was charged with selling and distributing cocaine, and the government proof showed he did. But appellant denied the transaction ever occurred. Since the trial judge did not have the benefit of *Turner,* it is not surprising that the record does not clearly show he did not rely on the presumption. Had he so indicated we would have no problem. In view of the fact this opinion affirms convictions with sentences concurrent with that under count 12, as a matter of judicial convenience we exercise our discretion not to pass on the validity of count 12. Hirabayashi v. United States (1943) 320 U.S. 81, 105, 63 S.Ct. 1375, 87 L.Ed. 1774.

Appellant also attacks his convictions under § 4704(a) on the ground that the penalties imposed by 26 U.S.C.A. § 7237(a) constitute cruel and unusual punishment, proscribed by the Eighth Amendment. "Appellate courts have no control over a sentence which is within statutory limits. * * * If, however, the sentence prescribed by statute is cruel and unusual within the meaning of the Eighth Amendment, the statute itself is unconstitutional and any sentence imposed thereunder must be set aside." Gallego v. United States (9 Cir. 1960) 276 F.2d 914, 918. The test is whether the penalty is "so out of proportion to the crime committed that it shocks a balanced sense of justice." Id. p. 918; Halprin v. United States (9 Cir. 1961) 295 F.2d 458, 460. The sentence under § 7237(a) for violating § 4704(a) does not shock our sense of justice, which we assume is balanced.

Appellant compares the punishment under § 7237(a) for a violation of 26 U.S.C.A. § 4704(a) and the punishment for purchasing, receiving or possession of tobacco without proper stamps in violation of 26 U.S.C.A. § 5751(a), which is imprisonment for no more than one year and a fine of no more than $1000 under 26 U.S.C.A. § 5762(b). The acts proscribed may be similar, but the circumstances to which those acts relate are sufficiently distinguishable in social effect to justify different treatments by Congress.

Appellant also contends that the penalties for violating § 4704(a), added as part of a "shotgun approach" to those under the "basic offenses," constitute cruel and unusual punishment. We agree with the other circuits that have rejected similar arguments in cases in which there were longer sentences than here. The Eighth Circuit held that a sentence of 25 years imposed on violations of two counts of § 4704(a) and two counts of § 4705(a) was not cruel and unusual punishment. McWilliams v. United States (8 Cir. 1968) 394 F.2d 41, 48, cert. denied (1969) 393 U.S. 1044, 89 S.Ct. 643, 21 L.Ed.2d 593. The District of Columbia Circuit held that a ten year sentence for violating § 4704(a) and § 174 was not cruel and unusual punishment. Hutcherson v. United States (D.C. Cir. 1965) 345 F.2d 964, 967, cert. denied (1965) 382 U.S. 894, 86 S.Ct. 188, 15 L. Ed.2d 151. See also Hawkins v. United States (D.C.Cir. 1969) 288 F.2d 122.

Counts 5 and 6 charged appellant with concealing and selling marihuana in violation of 21 U.S.C.A. § 176a. The government concedes the infirmity of the convictions on these counts under Leary v. United States (1969) 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57. Without further inquiry, we reverse the convictions on counts 5 and 6.

Count 8 charged appellant with acquiring marihuana without paying the tax imposed by 26 U.S.C.A. § 4741(a), in violation of 26 U.S.C.A. § 4744(a). The government concedes the infirmity of that conviction on this count under Leary v. United States, *supra.* Without further inquiry, we reverse the conviction on count 8.

■ Appellant contends that he was so prejudiced by being convicted and sentenced under unconstitutional statutes that his concurrent sentences under constitutional convictions must be reversed as deprivations of due process. He argues that the trial judge, in setting the concurrent sentences on the valid counts, was influenced by the unconstitutional convictions. We disagree.

The concurrent sentence doctrine of *Hirabayashi, supra,* has not been abolished by Benton v. Maryland (1969) 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707. After *Benton* this court, as a matter of judicial convenience, has not considered problems with counts, the punishments for which are sentences to be served concurrently with sentences imposed on valid counts. Jordan v. United States (9 Cir. 1969) 416 F.2d 338, cert. denied (1970) 397 U.S. 920, 90 S.Ct. 930, 25 L. Ed.2d 101, reh. den. 397 U.S. 1018, 90 S.Ct. 1232, 25 L.Ed.2d 433; Keith v. United States (9 Cir. 1970) 421 F.2d 1295; Johnson v. United States (9 Cir. 1970) 427 F.2d 537; United States v. Tamayo (9 Cir. 1970) 427 F.2d 1072. In United States v. Wong (9 Cir. 70) 425 F.2d 1077, where concurrent sentences of five years were imposed on three counts under § 4705(a) and on six other counts, this court declined to consider constitutional defects in the other six counts.

Appellant has not demonstrated any prejudice to him. In sentencing appellant, the trial judge referred to the overwhelming evidence, appellant's concocted alibis, and the profit motivation for engaging in the transactions. Further, the minimum sentence was five years. The trial judge sentenced appellant to concurrent sentences of eight years, a fraction of the maximum penalty provided.

In summary we affirm the conviction on counts 1, 2, 3, 4, 7 and 11, subject to our discussion of appellant's contention in Part II, infra. We reverse the conviction on counts 5, 6 and 8. We decline to rule on the conviction in count 12.

II.

*Alleged Ineffective Representation by Counsel.*

The appellant's reply brief includes material centering on apt. #2 at 2834 Sycamore Street, Los Angeles. Government proof showed certain narcotic transactions transpired at that address. Appellant attempted to secure an affidavit from one Love, the owner of the property, and his daughter Vivian Love, the manager of the apartment located there, to the effect (1) that appellant had never rented an apartment at that address, (2) that neither of the Loves could recognize a picture, supposedly of appellant, exhibited to them by appellant's wife, and (3) that apartment #2 was rented to a person other than appellant on June 13, 1967. Vivian Love signed a statement that she "did not know anyone named Juan Conrad Holman and no one by this name has ever occupied or been to the above mentioned address (2834 Sycamore Street, Los Angeles) on the above mentioned date (June 13, 1967) or any date to my knowledge." However, both Love the owner and Vivian Love ultimately refused to sign affidavits.

Appellant compiled this material in an affidavit and filed in the trial court a "Motion for a New Trial on Newly Discovered Evidence" together with the affidavit and application for a subpoena to Mr. Love and a subpoena duces tecum for Love's rent receipts for apartment #2.

On December 22, 1969, this court ordered that the motion for a new trial should be tendered to the trial court and that the trial court should indicate whether it desired to entertain the motion. On December 31, 1969, the trial court certified that it did not desire to entertain the motion.

The district court had authority to deny the motion for new trial; however, it could only grant the motion for new trial on remand by the circuit to that court. Paddock v. United States (9 Cir. 1962), 302 F.2d 514; Smith v. United

States (9 Cir. 1961), 254 F.2d 771; Zamloch v. United States (9 Cir. 1951), 187 F.2d 854; Ramirez v. United States (9 Cir. 1961), 294 F.2d 277. The district court did not grant or deny the motion, but declined to entertain it as it had a right to do. Since the motion was neither denied or granted, in substance no ruling upon that matter is now before us on this appeal.[1]

The matter which is before us is appellant's contention that his former trial counsel provided inadequate representation in that he did not, prior to trial, investigate and ascertain the three alleged facts set forth above. Ineffective assistance by counsel means conduct by counsel so incompetent as to make the trial a farce or a mockery of justice. Kruchten v. Eyman (9 Cir. 1969), 406 F.2d 304 at 312; and Borchert v. United States (9 Cir. 1968), 405 F.2d 735, 738.

We assume for the purpose of this decision that the facts in the three items are true and could have been proven at the trial. Although these facts would have been admissible at trial, we conclude that a reversal is not required in this case.

We note that appellant was "triple-gaited." He dealt in heroin, marihuana and cocaine and claimed to be able to deliver large quantities of marihuana and heroin. He stands convicted of various counts of the indictment charging violations in connection with all three of the above types of contraband. Counts 1, 2, 3 and 4 all involve heroin and are, as we have shown above, valid convictions of 21 U.S.C. § 174, except for the possible error in the matter we are discussing. The same is true as to count 7, a valid conviction for transfer of marihuana without an order form in violation of 26 U.S.C.A. § 4742(a); count 11 is a valid conviction for transfer of cocaine without an order form in violation of 26 U. S.C.A. § 4705(a).

As to counts 1, 2, 3, 4 and 7, the agent and the informer testified they came to appellant's residence at 1550 No. Dunsmuir, Los Angeles on June 13, 1967, talked with appellant and then all went 7 or 8 blocks to the 2834 Sycamore address where the transaction was completed. Appellant admitted that he lived at the Dunsmuir address; that the agent and informer came to that address on June 13, 1967; that he talked with them but he denied he accompanied the agent and informer to the Sycamore address and denied he participated in the transaction.

As to count 11, the agent and the informer testified that on July 31, 1967, they came to the Dunsmuir address, waited 15 minutes for appellant to arrive and then completed the transaction involving cocaine at the Dunsmuir address. Appellant denied ever seeing them on July 31, and denies the July 31 transaction ever occurred.

---

1. Rule 33, Rules of Criminal Procedure provides that "A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment * * *". Casias v. United States (10 Cir. 1964), 337 F.2d 354 holds that if an appeal is taken, the term "final judgment" means the date when the appellate process is terminated. Thus, although we do not reach the question of whether the court abused its discretion in refusing to entertain the motion, a motion for new trial on the ground of newly discovered evidence is available to the appellant within two years after the final date of the appellate judgment in this case.

The denial of a motion for new trial is not ordinarily appealable, but where the motion is made and denied after an appeal has been concluded in an affirmance, the rule is different. An appeal will then lie from the order denying the motion. Balestreri v. United States (9 Cir. 1955) 224 F.2d 915, 916. Thus the appellant here is not without his remedy by motion in the trial court and, if the motion is denied, by an appeal to this court. However since we hold hereafter that the claimed newly discovered evidence would not have affected the result of the trial, this is probably the end of the line for appellant on the issue of the claimed newly discovered evidence, since one of the tests of materiality of such evidence is whether its introduction would probably have changed the result of the trial.

Count 11 had nothing to do with the Sycamore address. As to counts 1, 2, 3, 4 and 7, involving both marihuana and heroin, the proof of the three evidentiary items would not have changed the result. As to item #2, the fact that Love, the owner, did not recognize the appellant's picture, even had he been a tenant, is not surprising. Nor does the fact that Vivian Love did not recognize appellant's picture present any problem. It is an easy inference that appellant, though not a tenant, on June 13, 1967, had access to the apartment which he used to keep his supply of contraband rather than always keep the contraband at his residence. When appellant was arrested in January 1968 in his new residence at Puente, a search revealed no contraband.

As to item (1), that appellant had never *rented* an apartment at the Sycamore address, and (3), that the apartment was rented during June 1967 to some other person, it is apparent that the identity of the actual *renter* of an apartment or dwelling has little relationship to appellant's *access* to such quarters.

The matters in the three evidentiary items set forth above, had they been introduced at the trial, would not have exculpated the appellant, but would have tended to show only that he was not the renter of the Sycamore premises. They would not negate the fact that on June 13, 1969, he had met the agent and the informer at that address and completed the transaction concerning the marihuana and heroin.

The trial judge, to have found the appellant not guilty, would have had to believe either (1) that the two witnesses were mistaken as to their testimony concerning the transactions at the Sycamore address, or (2) had perjured themselves in such testimony. Viewed against the other evidence in the case, this additional evidence would not have brought about either of those results and would have had no appreciable significance in affecting the finding of guilty reached by the trial judge sitting without a jury. Accordingly, former counsel cannot be held to have supplied inadequate investigation in failing to investigate, ascertain the facts and present them at the trial.

A reading of the transcript of the trial shows that former trial counsel expertly conducted the trial and the examination and cross-examination of witnesses. There is nothing in the record to indicate anything other than adequate representation at the trial. Finally, the guilt of appellant, a dealer in major categories of contraband, was proven by the overwhelming weight of the evidence.

Judgment affirmed.