UNITED STATES of America,
Appellee,

v.

William Bernard McKINNEY, Appellant.

No. 23791.

United States Court of Appeals,
Ninth Circuit.

Nov. 16, 1970.

Rehearing Denied Jan. 4, 1971.

Richard G. Sherman (argued) of Sherman & Sturman, Beverly Hills, Cal., for appellant.

George G. Rayborn (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before BARNES, MERRILL and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

Appellant was indicted for three offenses. Counts 1 and 2 alleged violation of 21 U.S.C. § 176a, involving 123,-379.20 grams of marihuana. Count 3 involved the same marihuana and alleged appellant transferred the marihuana to a federal narcotics agent without obtaining from him a written order form, in violation of 26 U.S.C. § 4742(a). The case was tried without a jury. Appellant was convicted and sentenced to concurrent terms of 5 years on each count.

Appellant makes three contentions on appeal.

(1) There was no evidence to show that the marihuana was illegally imported, relying on Leary v. United States, (1969) 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57. Appellant's new counsel filed a supplemental opening brief, relying solely on this contention.

(2) The conviction on count 3 violated his rights under the Fifth Amendment.

(3) Due process was violated in that the Government interviewed the witness Ross and made threats to the witness.

There was evidence that the appellant stated to the agent, that the car in which the marihuana was found, "had been modified to smuggle and transport and conceal marihuana across the border" and that appellant could make a telephone call to Mexico, order marihuana and have it delivered to him in Laguna Beach, California. Since the trial was to the court without a jury, no instruction under *Leary* was given.

McClain v. United States (9 Cir. 1969) 417 F.2d 489 and United States v. Martinez (9 Cir. 1970) 425 F.2d 1300, involved a similar problem. Here appellant received concurrent sentences on all 3 counts. The conviction on count 3 was in no way infirm. Minor v. United States (1969) 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283, is squarely in point. *Buie* the petitioner in #271, the companion case to *Minor,* was convicted of a violation of 26 U.S.C. § 4742(a) and the conviction affirmed.

Benton v. Maryland (1969) 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, has not abolished the concurrent sentence doctrine of Hirabayashi v. United States, 320 U.S. 81, 105, 63 S.Ct. 1375, 87 L.Ed. 1774; Jordan v. United States (9 Cir. 1969) 416 F.2d 338, 346; United States ex rel. Weems v. Follette (2 Cir. 1969) 414 F.2d 417; United States v. Barsaloux (5 Cir. 1969) 419 F.2d 1299, cert. denied 397 U.S. 972, 90 S.Ct. 1087, 25 L. Ed.2d 265 (1970); Keith v. United States (9 Cir. 1970) 421 F.2d 1295; United States v. Tamayo (9 Cir. 1970) 427 F.2d 1072; United States v. Wong (9 Cir. 6/5/70) 425 F.2d 1077; Johnson v. United States (9 Cir. 1970) 427 F.2d 537.

■ Since the conviction on count 3 is valid, as a matter of judicial convenience, we need not consider the validity of the convictions on counts 1 and 2 or *Leary, McClain* and *Martinez,* supra.

■ There is nothing to indicate that the penalty of 5 years, assessed on count 3, would have been less, had counts 1 and 2 not been in the case. The penalty for a first violation of 26 U.S.C. § 4742(a) is not less than five years or more than twenty and a permissible fine up to $20,-000. 26 U.S.C. § 7237. The amount of marihuana involved is referred to in the transcript as approximately 300 lbs, and the price to be paid appellant was $7,500. Although the appellant could have received probation on count 3 but not on counts 1 and 2, there. is no reason to suppose that probation would have been granted where such a quantity of marihuana was involved. There was no prejudice to appellant growing out of the remote possibility that the sentence on count 3 might have been probation, had not counts 1 and 2 been included in the trial.

■ Finally, there was no lack of due process in connection with the proceedings as to the witness Ross. He had been a co-defendant and had entered a guilty plea to a superseding indictment. Ross was visited by appellant and his friends on at least two occasions prior to trial. After trial started he was interviewed by both defense and government counsel. The trial court allowed appellant to call Ross as a hostile witness. Appellant's counsel examined Ross as to the interview with the Assistant U. S. Attorney. Appellant's examination of Ross developed only that the Assistant U. S. Attorney had advised Ross that if he did not tell the truth he would be subject to a prosecution for perjury. The issue was a factual one, resolved against appellant by the trial court's finding of guilt.

At argument on this appeal, appellant's new counsel stated that he based his contentions entirely on the appellant's supplemental brief which concerned only the *Leary* problem discussed above. He also conceded that the affidavit dated February 7, 1970, attached to the original appellant's brief, was not a part of the record of this case and should be stricken. It is so ordered.

The judgment is affirmed.