**UNITED STATES of America,
Appellee,**

v.

**Janet Arlean JONES, Appellant.**

**No. 71–1270.**

United States Court of Appeals,
Ninth Circuit.

July 14, 1971.

James F. Hewitt (argued), San Francisco, Cal., for appellant.

James A. Bruen, Asst. U. S. Atty. (argued), F. Steele Langford, Chief, Crim. Div., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for appellee.

Before MADDEN, Senior Judge, United States Court of Claims,* BROWNING and KILKENNY, Circuit Judges.

KILKENNY, Circuit Judge:

Jones, in a jury trial, was convicted on six counts of an indictment charging violations of 26 U.S.C. § 5861(d) [possession of an unregistered machine gun], 26 U.S.C. § 5861(e) [illegal transfer of a submachine gun], and 18 U.S.C.App. 1202(a) [unlawful possession of a weap-

on by a felon]. Inasmuch as the sentences were for the same period of time and made to run concurrently, we need sustain the validity of only one conviction to affirm the judgment. United States v. Jack, 439 F.2d 879 (9th Cir. 1971); United States v. McKinney, 433 F.2d 921 (9th Cir. 1970); Johnson v. United States, 427 F.2d 537 (9th Cir. 1970); and United States v. Wong, 425 F.2d 1077 (9th Cir. 1970). Consequently, we shall examine only the judgment of conviction on the third count.

## BACKGROUND

During the month of May, appellant was living with friends in Hollister, California. When she moved into another home, she took several machine guns which had been left with her by another friend with whom she had been living. On May 21st, a special agent of the Treasury Department visited appellant in her home. With him at the time was one of appellant's friends. The agent expressed an interest in purchasing one of the machine guns. When appellant took the guns from a closet, the agent asked the price. After some negotiation, during which period appellant informed the agent that he could easily obtain parts which were missing from the machine guns, the agent offered appellant $165.00 for a gun. Appellant accepted the offer. As the agent left the residence with the gun,[1] the appellant called to him, " * * * If you get caught with that, don't tell anyone where you got it * * * ". Later that day, the agent returned to the premises with a search warrant, seized an AK–47 machine gun, two gun clips and a quantity of ammunition.

Count III charges that on or about May 21, 1970, in the city of Hollister in the county of San Benito in the State and Northern District of California, appellant did willfully and knowingly transfer a firearm, to-wit: a Colt AR–

---

* The Honorable J. Warren Madden, Senior Judge, United States Court of Claims, sitting by designation.

1. The M–16 described in Count III.

15 (M-16) submachine gun, 5.56 millimeter, without having paid the transfer tax and without having filed a written application form with the Secretary of the Treasury or his delegate, all in violation of 26 U.S.C. §§ 5811–5812 and 26 U.S.C. §§ 5861(e) and 5871.

## DISCUSSION AND CONCLUSIONS

 At the outset, the appellant charges that the National Firearms Act violates the Fifth Amendment. That contention was put to rest by the Supreme Court decision in United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (April 5, 1971).

Next, appellant contends that there must be specific evidence as to intent. That issue was also decided adversely to appellant's contention by *Freed, supra.*

Appellant then contends that the negotiations leading up to the transfer of the firearms described in Count III constitute entrapment as a matter of law. Appellant's entrapment argument is interwoven with her argument that she had no intention to make a transfer without a proper application and without paying the tax and, that consequently, she could have no predisposition to commit the crime. *Freed's* disposition of the element of intent leaves appellant in the same position as any other person claiming entrapment. We have carefully read the record on the actions of all parties concerned and have no hesitancy in saying that appellant was not entrapped as a matter of law. The record clearly indicates that she had a predisposition to sell and transfer the gun in question. The presence of the agent merely offered appellant an opportunity to dispose of the gun by transfer. Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); Sendejas v. United States, 428 F.2d 1040 (9th Cir. 1970). We would be compelled to create an entirely new record in order to say that this transfer was "the product of the creative activity" of the agent and his companion.

Finally, appellant argues that the testimony of one Paul Everett could have established a complete defense to the charge set forth in Count III. She says that he would have testified that he was the "owner" of the guns and that he never "transferred" these weapons to her. This contention *might* possibly present a defense to one or more of the other counts, but not to Count III. Count III does not speak of a transfer to the appellant. Instead it charges her with the admitted transfer to the agent. This contention is wholly without merit.

Our painstaking examination of the entire record convinces us that appellant had a fair trial and that the judgment of conviction must be affirmed on Count III. Under our concurrent sentence doctrine, we find it unnecessary to examine the validity of the convictions on the other counts.

Affirmed.