**Derewood BIBLE, Petitioner-Appellant,**

v.

**STATE OF ARIZONA, Frank A. Eyman, Warden, Arizona State Prison, et al., Respondent-Appellee.**

**No. 25977.**

United States Court of Appeals, Ninth Circuit.

Sept. 28, 1971.

Rehearing Denied Nov. 29, 1971.

Derewood Bible, in pro. per.

Gary K. Nelson, Ariz. Atty. Gen., Thomas M. Tuggle, Asst. Atty. Gen., Phoenix, Ariz., for respondent-appellee.

Before CARTER, TRASK and CHOY, Circuit Judges.

PER CURIAM:

Petitioner seeks his release from state custody by an application for a writ of habeas corpus. His petition was filed *in forma pauperis*, and asserts facts from which it appears that he has exhausted his state remedies. The district court denied the petition. We affirm.

No questions of fact are raised. Petitioner, Derewood Bible, asserts that prior to December 25, 1966, he was convicted of child molestation and sentenced to one week in jail plus five years probation. Thereafter, on December 25, 1966, he was arrested on a charge of statutory rape, which caused his probation for the first offense to be revoked, and a sentence of not less than 20 nor more than 25 years imprisonment in the state prison to be imposed. Later, he asserts he was convicted on the statutory rape charge and sentenced to imprisonment for a term of not less than 24 nor more than 25 years, this sentence to run concurrently with the earlier one.

Petitioner's first claim of double jeopardy appears to be frivolous. He did not receive two sentences for the same charge. An allegation that a sentence was imposed upon revocation of probation for one offense together with an allegation that a sentence was imposed for a separate offense, does not constitute a claim of two sentences for the same charge or double jeopardy. Appellant, according to his petition, appears to have received one sentence for child molestation as a result of his violation of the conditions of probation imposed upon conviction of that charge, and he was thereafter sentenced upon a conviction of a charge of statutory rape. *Cf.* Amaya v. Beto, 424 F.2d 363, 364 (5th Cir. 1970); United States v. Markovich, 348 F.2d 238, 240 (2d Cir. 1965); Remer v. Regan, 104 F.2d 704 (9th Cir.), cert. denied, 308 U.S. 553, 60 S.Ct. 105, 84 L.Ed. 465 (1939); United States ex rel MacLaren v. Denno, 173 F. Supp. 237, 241 (S.D.N.Y.), aff'd mem., 272 F.2d 191 (2d Cir.), cert. denied, 363 U.S. 814, 80 S.Ct. 1252, 4 L.Ed.2d 1155 (1959). *See also* United States v. Apker, 419 F.2d 388 (9th Cir. 1969); Mullican v. United States 252 F.2d 398, 400 (5th Cir. 1958).

Petitioner's second claim is that because of the jail sentence imposed under the molestation case, this offense became a misdemeanor which, upon revocation of probation, could not then be

treated as a felony by imposition of a prison sentence. The trial court correctly exercised its discretion not to pass upon this claim. Under the separate felony conviction on a charge of statutory rape, petitioner was sentenced to serve a concurrent sentence for an equal maximum term. No question was raised as to the validity of this latter conviction or sentence. Bible is thus properly in state custody. United States ex rel Weems v. Follette, 414 F.2d 417 (2d Cir.), cert. denied, 397 U.S. 950, 90 S.Ct. 973, 25 L.Ed.2d 131 (1969); *accord,* United States v. McKinney, 433 F.2d 921 (9th Cir. 1970); United States v. Tamayo, 427 F.2d 1072 (9th Cir. 1970); Johnson v. United States, 427 F.2d 537 (9th Cir. 1970); United States v. Wong, 425 F.2d 1077 (9th Cir. 1970); United States v. Lazarus, 425 F.2d 638 (9th Cir. 1970), cert. denied, 400 U.S. 869, 91 S.Ct. 102, 27 L.Ed.2d 108, rehearing denied, 400 U.S. 954, 91 S.Ct. 233, 27 L.Ed.2d 261 (1971); Keith v. United States, 421 F.2d 1295 (9th Cir. 1970), cert. denied, 402 U.S. 985 (1971); Jordan v. United States, 416 F.2d 338 (9th Cir.), cert. denied, 397 U.S. 920, 90 S.Ct. 930, 25 L.Ed.2d 101, rehearing denied, 397 U.S. 1018, 90 S.Ct. 1232, 25 L.Ed.2d 433 (1969).

His final claim is that because the earlier sentence upon revocation of his probation is invalid, the concurrent sentence on the later statutory rape conviction must expire at the same time. This is not the law. Nishimoto v. Nagle, 44 F.2d 304, 305 (9th Cir. 1930) (overruled on other grounds in Fong Haw Tan v. Phelan, 333 U.S. 6, 68 S.Ct. 374, 92 L.Ed. 433 (1947)); *cf.* Ekbery v. United States, 167 F.2d 380, 388 (1st Cir. 1948).

For the foregoing reasons, the order of the district court denying appellant's petition for a writ of habeas corpus is affirmed.