**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ezio GIANNINI and Charlotte Giannini,**
**Defendants-Appellants.**

**No. 26819.**

United States Court of Appeals,
Ninth Circuit.

Jan. 27, 1972.

Christopher M. Reuss (argued), San Francisco, Cal., for appellants.

Richard W. Nichols, Asst. U. S. Atty. (argued), Dwayne Keyes, U. S. Atty., Sacramento, Cal., for appellee.

Before ELY and HUFSTEDLER, Circuit Judges, and TAYLOR,* District Judge.

PER CURIAM:

Charlotte and Ezio Giannini appeal from their conviction for violating federal gun control statutes by reason of

---

* Honorable Fred M. Taylor, United States District Court Judge for the District of Idaho, sitting by designation.

their dealings with certain submachine guns and their interstate transportation of ammunition.

Two indictments were returned against appellants. The first indictment charged both appellants with three counts for violations of 26 U.S.C. § 5861(c) (possession of an Ingram submachine gun made in violation of 26 U.S.C. § 5822); 26 U.S.C. § 5861(d) (possession of an unregistered Sten Mark V submachine gun); 26 U.S.C. § 5861(h) (possession of an M–3 submachine gun whereon the serial number required by § 5842(a) had been obliterated). Ezio was charged with a fourth count, violation of 26 U.S.C. § 5861(e) (transfer of a Sten Mark V submachine gun without complying with the transfer provision of 26 U.S.C. § 5812(a) and without payment of the transfer tax imposed by 26 U.S.C. § 5811(a)). The second indictment charged both appellants with violation of 18 U.S.C. § 922(g) (1) (interstate transportation of ammunition while under indictment). A jury found appellants respectively guilty of each charge. The district court sentenced Ezio to five years imprisonment on each of the four counts of the first indictment with the sentences to run concurrently. The court suspended Ezio's sentence on the only count of the second indictment and placed him on probation for five years, commencing upon the expiration of the sentences imposed for offenses charged in the first indictment. It imposed concurrent three-year sentences upon Charlotte for the offenses of which she was convicted under the first indictment and, with respect to the second indictment, imposed punishment identical to that given Ezio. By reason of the concurrent sentences on the offenses charged in the first indictment, we confine our discussion to the third count of the first indictment and the single count of the second indictment.

(United States v. Jones (9th Cir. 1971) 446 F.2d 12, 13.)

Charlotte and Ezio Giannini are husband and wife. On July 8, 1969, Allyn R. Graap, a Special Investigator for the Alcohol, Tobacco and Firearms Division, United States Treasury Department, went to the Gianninis' home, and they showed him the M–3 submachine gun with the obliterated serial number. He placed them under arrest. On April 8, 1970, after the first indictment had been returned, the Gianninis, accompanied by Special Agent Robinson, drove from Sacramento, California, to Reno, Nevada, where the Gianninis purchased a can of .38 caliber shells. They drove back to California with the shells on the following day.

■■■ Appellants challenge the constitutionality of 26 U.S.C. § 5861(h) on the ground that the statute exceeds the Government's power to regulate interstate commerce. The statute says nothing about interstate commerce.[1] The statute is a part of a comprehensive scheme to levy and collect taxes upon activities and transactions involving various kinds of firearms. Section 5861(h) is rationally designed to aid in the collection of taxes imposed by other provisions of the National Firearms Act.[2] We cannot "undertake, by collateral inquiry as to the measure of the regulatory effect of a tax, to ascribe to Congress an attempt, under the guise of taxation, to exercise another power denied by the Federal Constitution" (Sonzinsky v. United States (1937) 300 U.S. 506, 514, 57 S.Ct. 554, 556, 81 L.Ed. 772), and we will not ascribe to Congress an intent to exercise its power under the commerce clause when it has invoked the taxing power in enacting the legislation. (Cf. United States v. Matthews (5th Cir. 1971) 438 F.2d 715.)

■■■ Appellants contend that their convictions upon the third count of the

1. The statute is unlike 18 U.S.C.App. § 1202(a) (possession of a firearm by a convicted felon) interpreted by the Supreme Court in United States v. Bass

(1971) 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488.

2. 26 U.S.C. §§ 5801–5849, as amended 1968.

first indictment and upon the second indictment should be invalidated because both 26 U.S.C. § 5861(h) and 18 U.S.C. 922(g) (1) should be interpreted to require a specific intent and the jury was not so instructed. Although appellants do not fully define "specific intent" with respect to either statute, they argue that as to both offenses the statutes should be read to require knowledge that the doing of the proscribed acts was wrongful. No such instructions were sought in the district court, and no exceptions were taken to the intent instructions given.[3]

The language of these statutes, together with the judicial gloss added to statutes that are a part of the same legislative scheme, leaves no room for the appellants' construction.[4] (United States v. Freed (1971) 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356; Warren v. United States (9th Cir. 1971) 447 F.2d 259, 263; United States v. Jones, *supra*, 446 F.2d 12, 14.)

Appellants' Fifth Amendment attack on section 922(g) (1) was held invalid in United States v. Thoresen (9th Cir. 1970) 428 F.2d 654, a decision that binds us.

Our examination of the record convinces us that trial counsel was not ineffective.

The judgments are affirmed.

---

3. The district court instructed generally: "In every crime or public offense, there must exist a union or joint operation of act and intent. To constitute criminal intent in the actions now before us, it is merely necessary that a person intend to do an act which, if committed, will constitute a crime. When a person intentionally does that which the law declares to be a crime, such a person is acting with criminal intent even though he may not know that such act is unlawful and even though there is no bad motive."

As to count three, the court instructed that an element of the offense was appellants' knowledge that they possessed a firearm bearing an obliterated serial number; and as to count one of the second indictment, the court instructed that an element of the offense was appellants' knowledge that they were transporting ammunition in interstate commerce.

4. 26 U.S.C. § 5861(h) provides: "It shall be unlawful for any person . . . (h) to receive or possess a firearm having the serial number or other identification required by this chapter obliterated, removed, changed, or altered. . . ."

18 U.S.C. § 922(g) (1) provides: "It shall be unlawful for any person—(1) who is under indictment for . . . a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport any firearm or ammunition in interstate or foreign commerce."