**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* v. ELIGIO MUNOZ, AKA Eligio Nunez, AKA Elisio Munoz, *Defendant-Appellant.* | No. 21-10360 D.C. No. 2:20-cr-00176-WBS-1 OPINION |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted December 8, 2022
San Francisco, California

Filed January 11, 2023

Before: Susan P. Graber and Paul J. Watford, Circuit
Judges, and Joseph F. Bataillon,[*] District Judge.

Opinion by Judge Watford

---

[*] The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel affirmed the sentence imposed on Eligio Nunez (aka Eligio Munoz), who was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), in a case in which the district court imposed a two-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(1)(A) on the ground that the offense involved three firearms.

One of the firearms that formed the basis of the enhancement was a Polymer80, which is typically sold online as a kit of component parts and need not be serialized. Nunez argued that the Polymer80 could not be counted because it did not qualify as a "firearm" as that term is defined within the meaning of § 2K2.1(b)(1).

Under Application Note 5, for a firearm to be counted, the defendant must have "unlawfully possessed" it. Rejecting Nunez's argument that a firearm is "unlawfully possessed" under Application Note 5 only if the defendant possessed the gun in violation of federal law, the panel held that a firearm may be counted under § 2K2.1(b)(1) when the defendant's possession of it violates a specific prohibition under state or federal law.

The panel disagreed, for two reasons, with the district court's finding that Nunez's possession of the Polymer80 violated California Penal Code § 29180(c). First,

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

§ 29180(c)'s requirement that the owner of an unserialized firearm apply for a serial number or other identifying mark does not render the owner's *possession* of the gun unlawful. Second, the government presented no evidence that Nunez was in fact the owner of the Polymer80, much less that he owned the gun "as of July 1, 2018," as the statute then required.

The panel nevertheless agreed that the enhancement was proper under § 2K2.1(b)(1)(A) because Nunez unlawfully possessed the Polymer80 in violation of a different California statute, Penal Code § 29800. That statute, which is California's analogue to § 922(g)(1), prohibits any "person who has been convicted of a felony" from having "any firearm" in his possession or under his custody or control. The panel noted that the district court necessarily found that the Polymer80 qualified as a firearm under the definition set forth in California Penal Code § 16520(a), which governs both § 29180(c) and § 29800, because it found that Nunez's possession of the firearm violated § 29180(c). In August 2020, § 16520(a) defined the term "firearm" to mean "a device, designed to be used as a weapon, from which is expelled through a barrel, a projectile by force of an explosion or other form of combustion." The panel held that the district court did not err in finding that the Polymer80 qualified as a firearm under California law, as the facts establish by a preponderance of the evidence that the Polymer80 was capable of expelling "a projectile by the force of an explosion or other form of combustion."

## COUNSEL

Timothy Zindel (argued), Assistant Federal Public Defender, Sacramento, California, for Defendant-Appellant.

Justin L. Lee (argued) and Jason Hitt, Assistant United States Attorneys; Camil A. Skipper, Assistant United States Attorney, Appellate Chief; Phillip A. Talbert, United States Attorney, Office of the United States Attorney, Sacramento, California, for Plaintiff-Appellee.

## OPINION

WATFORD, Circuit Judge:

The defendant in this case, Eligio Nunez (also known as Eligio Munoz), was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal, he argues that the district court abused its discretion by imposing a two-level sentencing enhancement under United States Sentencing Guidelines § 2K2.1(b)(1)(A). We conclude that the court properly imposed the enhancement.

In August 2020, Nunez was arrested after officers attempted to pull him over for traffic violations. He led officers on a high-speed chase before abandoning the car at the end of a dirt road and fleeing on foot. Dry grass beneath the car soon caught fire, engulfing the vehicle in flames. The next day, officers searched the burned-out car and found two 9-millimeter handguns inside a backpack near the front passenger seat. Nunez's possession of those firearms formed the basis of his § 922(g)(1) conviction.

On the front passenger seat of the car, officers also found the partially destroyed remains of a third gun, known as a "Polymer80." The lower portion of the gun was made of polymer, or plastic, and had melted in the blaze. The gun lacked a serial number. An officer testified at trial that Polymer80s are typically sold online as kits of their component parts. As a result, they need not be serialized and are colloquially known as "ghost guns."

At sentencing, the parties disputed whether Nunez's offense level should be increased under Sentencing Guidelines § 2K2.1(b)(1). That provision directs sentencing courts to increase the defendant's offense level "[i]f the offense involved three or more firearms." *Id.* The government argued that Nunez's felon-in-possession offense involved three firearms—the two 9-millimeter handguns found in the backpack and the Polymer80 found on the passenger seat. Nunez argued that the Polymer80 could not be counted because it did not qualify as a "firearm" as that term is defined within the meaning of § 2K2.1(b)(1). The district court agreed with the government and found that Nunez's offense involved three firearms. The court therefore imposed a two-level enhancement under § 2K2.1(b)(1)(A), which applies when the offense involves between three and seven firearms. That enhancement increased Nunez's sentencing range from 84–105 months to 100–120 months. The court ultimately sentenced Nunez to 108 months in prison.

On appeal, Nunez renews his contention that the Polymer80 does not constitute a "firearm" under § 2K2.1(b)(1) and that his offense therefore involved only two firearms, not three. To resolve that contention, we must turn to the application notes to § 2K2.1. *See United States v. Lambert*, 498 F.3d 963, 966 (9th Cir. 2007). Application

Note 1 states that, for purposes of this guideline, "firearm" "has the meaning given that term in 18 U.S.C. § 921(a)(3)." U.S.S.G. § 2K2.1 cmt. n.1. Section 921(a)(3), as relevant here, defines "firearm" to mean "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. § 921(a)(3)(A). Nunez did not contest below, and does not contest on appeal, that the Polymer80 found in his possession qualifies as a firearm under that definition.

Application Note 5 further narrows the category of firearms that may be counted when applying the enhancement under § 2K2.1(b)(1). It provides: "For purposes of calculating the number of firearms under subsection (b)(1), count only those firearms that were unlawfully sought to be obtained, *unlawfully possessed*, or unlawfully distributed, including any firearm that a defendant obtained or attempted to obtain by making a false statement to a licensed dealer." U.S.S.G. § 2K2.1 cmt. n.5 (emphasis added). The issue here is whether Nunez "unlawfully possessed" the Polymer80.

Nunez first contends that a firearm is "unlawfully possessed" under Application Note 5 only if the defendant possessed the gun in violation of *federal* law. The government conceded that it could not prove Nunez possessed the Polymer80 in violation of federal law because it could not show that the gun had traveled in interstate commerce, an element of the felon-in-possession offense under 18 U.S.C. § 922(g). Nunez cites no authority supporting the proposition that Application Note 5's reference to unlawful possession refers only to possession that is unlawful under federal law, and nothing in the text of Application Note 5 supports such a narrow reading. We therefore hold that a firearm may be counted under

§ 2K2.1(b)(1) when the defendant's possession of it violates a specific legal prohibition under federal or state law.  *See United States v. Gill*, 864 F.3d 1279, 1280 (11th Cir. 2017) (per curiam) (so holding); *see also United States v. Jones*, 635 F.3d 909, 919–20 (7th Cir. 2011) (same).

The government argued below, and the district court found, that Nunez unlawfully possessed the Polymer80 in violation of California law.  We agree with the district court's finding but for slightly different reasons.  We are free to affirm the imposition of a sentencing enhancement "on any ground supported by the record even if it differs from the rationale of the district court."  *United States v. Cortez-Arias*, 403 F.3d 1111, 1114 n.7 (9th Cir. 2005); *see Gill*, 864 F.3d at 1280.

The district court found that Nunez's possession of the Polymer80 violated California Penal Code § 29180(c).  At the time Nunez possessed the Polymer80 in August 2020, that statute provided in relevant part:

> By January 1, 2019, any person who, as of July 1, 2018, owns a firearm that does not bear a serial number assigned to it pursuant to either Section 23910 or Chapter 44 (commencing with Section 921) of Part 1 of Title 18 of the United States Code and the regulations issued pursuant thereto, shall do all of the following: (1) Apply to the Department of Justice for a unique serial number or other mark of identification pursuant to Section 29182.

Cal. Penal Code § 29180(c) (2019).  Section 29180(g) made the failure to obtain a serial number for a handgun

punishable by up to one year in jail and a fine not to exceed $1,000.

Section 29180(c) does not support finding that Nunez "unlawfully possessed" the Polymer80 under § 2K2.1(b)(1) for two reasons. First, § 29180(c) does not prohibit the *possession* of any class of firearms by anyone. Instead, it requires the owner of an unserialized firearm to apply for a serial number or other identifying mark. Failing to comply with that requirement in no way renders the owner's *possession* of the gun unlawful under § 29180(c). Second, the government presented no evidence that Nunez was in fact the owner of the Polymer80, much less that he owned the gun "as of July 1, 2018," as the statute then required.

Nevertheless, we agree with the government that the two-level enhancement was proper under § 2K2.1(b)(1)(A) because Nunez unlawfully possessed the Polymer80 in violation of a different California statute, Penal Code § 29800. That statute is California's analogue to 18 U.S.C. § 922(g)(1). It prohibits any "person who has been convicted of a felony" from having "any firearm" in his possession or under his custody or control. Cal. Penal Code § 29800(a)(1).

Nunez does not dispute that at the time he possessed the Polymer80 he had been convicted of a felony. Nunez instead argues that the Polymer80 does not qualify as a "firearm" under California law. In August 2020, California law defined the term "firearm" as used in Penal Code § 29800 to mean "a device, designed to be used as a weapon, from which is expelled through a barrel, a projectile by the force of an explosion or other form of combustion." Cal. Penal Code § 16520(a). The district court necessarily found that the Polymer80 qualified as a firearm under this definition

because it found that Nunez's possession of the Polymer80 violated Penal Code § 29180(c). As noted earlier, that provision applies to anyone who owns a "firearm" without a serial number, and the same definition governs under both Penal Code § 29180(c) and Penal Code § 29800.

The district court did not err in finding that the Polymer80 qualifies as a firearm under California law. Officers found the Polymer80 on the front passenger seat of the car Nunez was driving, near the backpack containing the two 9-millimeter handguns. Inside the backpack, officers found a loaded magazine that fit the Polymer80 but did not fit either of the other two 9-millimeter handguns. These facts establish by a preponderance of the evidence that the Polymer80 was capable of expelling "a projectile by the force of an explosion or other form of combustion." Cal. Penal Code § 16520(a); *see United States v. Charlesworth*, 217 F.3d 1155, 1157–58 (9th Cir. 2000) (stating the applicable standard of proof). The Polymer80 therefore qualifies as a firearm under California Penal Code § 29800(a), and Nunez's possession of it was unlawful under that statute. The district court properly imposed a two-level enhancement under Sentencing Guidelines § 2K2.1(b)(1)(A).

**AFFIRMED.**