NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10181 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00165-WBS-1 |
| v. | |
| DEZMAIGHNE MCCLAIN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted September 13, 2023
San Francisco, California

Before: WALLACE, BOGGS,** and FORREST, Circuit Judges.

Defendant-Appellant, Dezmaighne McClain, appeals from his judgment of

conviction after a jury found him guilty of three counts of illegal possession of

firearms and ammunition in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction

pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review the district court's

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

interpretation of the Sentencing Guidelines de novo, factual findings for clear error, and application of the Guidelines for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). We review the district court's denial of a motion to dismiss an indictment de novo. *See United States v. Dominguez-Caicedo*, 40 F.4th 938, 948 (9th Cir. 2022). We affirm.

The district court did not err in interpreting, nor abuse its discretion in applying, the Sentencing Guidelines to consider an uncharged "ghost gun" in calculating McClain's base offense level even without evidence that the gun traveled in interstate commerce. U.S.S.G. § 2K2.1(a)(1)(A)(ii) requires that the government prove that the predicate gun met the definition of a firearm as stated in 26 U.S.C. § 5845(a)(1). Nothing in section 5845(a) defines firearms as only those that have traveled in interstate commerce. *See United States v. Giannini*, 455 F.2d 147, 148 (9th Cir. 1972). McClain's out-of-circuit authority, *United States v. Campbell*, 372 F.3d 1179 (10th Cir. 2004), undermines, rather than supports, his contention that the government must additionally prove that the gun was "unlawfully" possessed under federal law. That case examined a different Guideline provision (U.S.S.G. § 2K2.1(b)(1) and corresponding Application Note 5) explicitly requiring that the predicate firearm be possessed "unlawfully." *Campbell*, 372 F.3d at 1182–83. Section 2K2.1(a)(1)(A)(ii), however, contains no such requirement. Even if U.S.S.G. § 2K2.1(b)(1) were applicable here, our precedent forecloses McClain's

argument. *See United States v. Munoz*, 57 F.4th 683, 686 (9th Cir. 2023) (holding that a ghost gun possessed unlawfully under federal or state law can satisfy U.S.S.G. § 2K2.1(b)(1)).

The district court did not err in considering the predicate "ghost gun" as "relevant conduct." The gun was "part of the same course of conduct or common scheme or plan as the offense of conviction" because it was recovered at the same time and in the same place as the illegally possessed ammunition and firearms for which the jury convicted McClain. *See United States v. Parlor*, 2 F.4th 807, 812 (9th Cir. 2021), quoting U.S.S.G. § 1B1.3(a)(2).

The district court did not err in finding that McClain possessed a stolen firearm. The government's production of an uncontroverted report generated from a government database listing the firearm as stolen was sufficient evidence to satisfy U.S.S.G. § 2K2.1(b)(4)(A). *See id.* at 814; *United States v. Franklin*, 18 F.4th 1105, 1125 (9th Cir. 2021) (holding that "hearsay from a source that is self-demonstrably reliable is permissible on its own" to establish a fact at sentencing).

The district court did not err in denying McClain's motion to dismiss the indictment for outrageous government conduct. McClain's encounter with the government's confidential informant at his state parole office, though arranged through pretense, was a permissible governmental exercise in "[a]rtifice and stratagem" to "catch those engaged in criminal enterprises," *Sorrells v. United*

3

*States*, 287 U.S. 435, 441 (1932), and did not involve government conduct that "violate[d] fundamental fairness" or was "so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013), quoting *United States v. Stinson*, 647 F.3d 1196, 1209 (9th Cir. 2011).

**AFFIRMED**.