[Crim. No. 5052. In Bank. May 9, 1950.]

In re LEROY M. SCHNEIDER, on Habeas Corpus.

Leroy M. Schneider, in pro. per., and Van H. Pinney, under appointment by the Supreme Court, for Petitioner.

Fred N. Howser, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

SHENK, J.—The petitioner, Leroy M. Schneider, seeks his release from Folsom prison on a writ of habeas corpus. He is imprisoned for forgery and has been serving sentence since June, 1947.

Upon the filing of the petition, prepared in propria persona, an order was issued requiring the respondent warden to show cause why the writ should not issue. At the request of the petitioner this court appointed counsel to represent him in this proceeding.

The principal allegations of his petition are, (1) that after his arrest money rightfully belonging to him was taken from him and that he was therefore unable to employ counsel of his own choice; (2) that he was forced to enter a plea of guilty;

(3) that the services furnished to him by counsel for the state were inadequate; (4) that he was held "incommunicado" in the county jail and was not permitted to subpoena witnesses; (5) that he was wrongfully permitted to waive his preliminary examination; and (6) that he was denied due process of law.

Prior to the hearing on the order to show cause the attorney general filed a return consisting of an answer and five exhibits which include the transcript of the testimony at the preliminary examination; the transcript of the proceedings on arraignment in the superior court; the transcript of the proceedings when judgment was pronounced; and a copy of the judgment and commitment under which the petitioner is presently held. An examination of the record thus presented including the petition and two affidavits filed February 6, 1950, shows that there is no merit in the application.

At the time of his arrest the petitioner had no money on his person but his codefendant Castro who was arrested at the same time had $802, the proceeds of the forgeries, in his possession. The forgeries described in the five counts of the complaint and information were alleged to have occurred on the 14th day of April, 1947. The two men were arrested at the place where the last forged check was cashed. The money was used for the purpose of making restitution.

Shortly after his arrest the petitioner admitted his participation in the crime. These admissions were free from any legal duress or compulsion. Thereafter a complaint was filed in the municipal court, the petitioner was duly arraigned, and a preliminary examination was held at which he was represented by a deputy city public defender. At the hearing all of the elements of the offenses were established. When the petitioner appeared in the superior court for arraignment he stated to the court that he had no money to employ an attorney and the court then properly ordered that he be represented by the public defender of the county. The arraignment took place on May 8th and the time to plead was continued to May 15th. Confronted with the evidence taken before the committing magistrate the petitioner entered a plea of guilty and admitted a prior conviction—burglary in Alameda County in 1938—for which he had served a term in state's prison. There is no showing whatsoever that he was forced to plead guilty.

Notwithstanding his prior conviction the petitioner was permitted to file an application for probation. Upon consideration of the report of the probation officer the petitioner's counsel stressed the fact that restitution had been made. Pro-

bation was denied but before judgment and sentence the court struck from the record all reference to the prior conviction, dismissed the information as to counts 2, 3, 4 and 5, and sentenced the petitioner on count 1 for the term prescribed by law. Leniency was thus accorded him and there is no showing that he was not fully and adequately represented by counsel.

There are no facts alleged to support the conclusion that the petitioner was held incommunicado in the county jail and he does not state what witnesses he desired to subpoena or what testimony he sought to obtain from them.

At the hearing on the present application the petitioner filed two affidavits. In the one dated December 14, 1949, he avers that on the night of April 22, which was the night following his preliminary examination, he was taken from his bed in the jail to a place called the ''green room'' and there suffered blows from a rubber hose wielded at the hands of three police officers ''in an attempt to get a confession.'' It is not shown that the claimed attempt was successful or resulted in a confession of any sort. The plea of guilty in the superior court was entered more than three weeks later.

In his affidavit dated January 4, 1950, the petitioner avers that on April 16, 1947, he requested the use of a telephone at the county jail for the purpose of communicating with an attorney and that he was told by the officer in charge that he could not use the telephone unless he had the money to pay for the call. Assuming that he was wrongfully refused the use of the telephone without charge at the time, it does not appear that he could not have communicated with an attorney by other means. In view of the fact that he was represented by counsel at all stages of his trial proceedings the incident alleged is now unimportant.

Petitioner also avers that at all times when he was confined in the county jail the sum of $850 belonging to him was withheld and was ''confiscated'' from him at the time of his arrest on April 15, 1947. As above noted the record shows without question that he had no money in his possession when he was arrested; that the money was found on the person of his codefendant, and that it was used for the purpose of restitution to the victims. There is no showing that it was not used in accordance with the requirements of the statute (Pen. Code, §§ 407 et seq.). As to his contention that he was wrongfully permitted to waive his preliminary examination the record conclusively shows that it was not waived and that such an examination was held at which some ten witnesses

were sworn and examined on behalf of the prosecution. No lack of due process appears.

Furthermore there is no showing to excuse this belated collateral attack on the judgment (*In re Swain*, 34 Cal.2d 300 [209 P.2d 793]).

Other claims are made by the petitioner. They are without merit and need not be discussed.

The petition for the writ is denied and the order to show cause is discharged.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.