[Crim. No. 7781.    In Bank.    July 14, 1964.]

In re PAUL KERN IMBLER on Habeas Corpus.

Gregory S. Stout, under appointment by the Supreme Court, and Jules C. Goldstone for Petitioner.

Earl Klein as Amicus Curiae on behalf of Petitioner.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., Robert R. Granucci and John F. Kraetzer, Deputy Attorneys General, for Respondent.

TRAYNOR, J.—A jury convicted petitioner of first degree murder and fixed his penalty at death. We affirmed the judgment (*People* v. *Imbler,* 57 Cal.2d 711 [21 Cal.Rptr. 568, 371 P.2d 304]) and thereafter denied a petition for a writ of habeas corpus challenging the determination of petitioner's guilt. (*In re Imbler,* 60 Cal.2d 554 [35 Cal.Rptr. 293, 387 P.2d 6].) Petitioner now contends that his penalty should be redetermined because the errors condemned in *People* v. *Morse,* 60 Cal.2d 631 [36 Cal.Rptr. 201, 388 P.2d 33], occurred during his penalty trial. ■ This issue is properly raised on habeas corpus. (*In re Jackson, ante,* p. 500 [39 Cal.Rptr. 220, 393 P.2d 420].)

The only evidence introduced at the penalty trial was the testimony of a former member of the California Adult Authority about the qualifications of the members of the Adult Authority, parole procedures, the factors considered in determining a prisoner's fitness for parole, and the possibility of parole for first degree murderers. The prosecuting attorney attempted to elicit from the witness testimony showing that the policies of the Adult Authority were inconsistent and that there was considerable recidivism among paroled first degree murderers.

■ In his argument the prosecutor prefaced his remarks about the possibility of parole by stating, ''The alternative punishment to the death penalty is life imprisonment, and as

you know by now, after listening to [the former member of the Adult Authority] . . . , life imprisonment in California certainly doesn't mean life imprisonment. It certainly doesn't mean life imprisonment." He went on to attack the Adult Authority generally: " . . . as you saw, [the statistics purporting to show the median time served by life termers] . . . varied quite a bit, and that variation goes to show, if anything, that there is complete inconsistency in the Adult Authority." He attacked the ex-member witness in particular: "He didn't have any training at all. . . ." Because of the members' poor qualifications, he argued, the Authority can be fooled and "bingo, [the prisoner] . . . is back out on the streets again, again threatening the lawful community. . . . So, this is what life imprisonment means."

The trial court then instructed the jurors that they might consider the possibility of parole after at least seven years' imprisonment in deciding which penalty to choose.

Thus the errors condemned in *Morse* were committed in petitioner's trial, and were clearly prejudicial. (*People* v. *Hines, ante,* pp. 164, 169-170 [37 Cal.Rptr. 662, 390 P.2d 398].)

The writ is granted as to the penalty trial of petitioner. The remittitur issued in Crim. No. 6999, *People* v. *Imbler,* is recalled, and the judgment imposing the death penalty is reversed insofar as it relates to the penalty. In all other respects the judgment is affirmed. Petitioner is remanded to the custody of the Superior Court of Los Angeles County for a new penalty trial.

Gibson, C. J., Peters, J., Tobriner, J., and Peek, J., concurred.

SCHAUER, J., Dissenting.—I would deny the writ of habeas corpus and permit the trial court's judgment to stand as rendered and heretofore affirmed. (See *People* v. *Imbler* (1962) 57 Cal.2d 711 [21 Cal.Rptr. 568, 371 P.2d 304]; *In re Imbler* (1963) 60 Cal.2d 554, 558, 571 [35 Cal.Rptr. 293, 387 P.2d 6] ["Proceeding in habeas corpus to secure release from custody, or for a writ of error *coram vobis,* or other appropriate relief"]; *In re Jackson* (1964) *ante,* pp. 500, 508 [39 Cal.Rptr. 220, 393 P.2d 420] (dissenting opinion of McComb, J.).)

McComb, J., concurred.