**Paul K. IMBLER, Appellant,**

v.

**Arthur L. OLIVER, Warden, California State Prison at Folsom, Appellee.**

No. 21683.

United States Court of Appeals Ninth Circuit.

July 17, 1968.

---

Roger S. Hanson (argued), Woodland Hills, Cal., for appellant.

Thomas C. Lynch, Atty. Gen. of California, Ensel W. Haws, Charles P. Just (argued), Deputy Attys. Gen., Sacramento, Cal., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and BOLDT, District Judge.*

DUNIWAY, Circuit Judge:

Imbler's petition for a writ of habeas corpus was denied by the District Court without a hearing. The sole ground was that the petition was premature. The factual basis for the ruling can be briefly stated: On September 4, 1958, Imbler was convicted in the Superior Court, Orange County, California, of grand theft (Cal.Pen.C. §§ 484, 487) and sentenced for the term prescribed by law, maximum 10 years. He is still serving that sentence, and does not attack the validity of that conviction. On February 6, 1961, he was convicted in the Superior Court, Los Angeles County, of robbery in the second degree (Cal.Pen.C. § 211), and similarly sentenced. The maximum sentence is life, (Cal.Pen.C. § 671) and no shorter term has been fixed by the Adult Authority. He is also serving that sentence and does not attack the validity of that conviction. On April 10, 1961, he was convicted in the Superior Court, Los Angeles County, of murder in the first degree (Cal.Pen.C. § 187), for which the penalty was fixed at death, and assault with a deadly weapon (Cal.Pen.C. § 245), for which the maximum penalty is 10 years. On January 11, 1965, the death sentence was reduced to life imprisonment, following the granting of a writ of habeas corpus by the California Supreme Court. (In re Imbler, 1964, 61 Cal.2d 556, 39 Cal.Rptr. 375, 393 P.2d 687.) He is also serving these sentences. All sentences are running concurrently. But for the life sentence for murder, Imbler would now be eligible for parole on the other convictions. He is not eligible for parole on the murder conviction until 1969.

In his petition, Imbler attacks only the murder and assault convictions of April 10, 1961, as modified on January 11, 1965. The District Court, in denying the petition, relied upon McNally v. Hill, 1931, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Lee v. Swope, 9 Cir., 1955, 225 F.2d 674, and Wilson v. Gray, 9 Cir., 1965, 345 F.2d 282. We deferred submission pending decision by the Supreme Court in Peyton v. Rowe, 1968, 88 S.Ct. 1549 (May 20, 1968). That case overrules McNally v. Hill. It expressly permits attack by habeas corpus upon the second of two

---

* Honorable George H. Boldt, United States District Judge, Tacoma, Washington, sitting by designation.

consecutive sentences, even though the prisoner would not be released if the attack were successful. In doing so, the Court said:

"We overrule *McNally* and hold that a prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of § 2241(c) (3). * * *" The rationale of that holding is equally valid where sentences are concurrent, at least where, as here, it appears that Imbler's custody under the life sentence for murder prevents his eligibility for parole consideration on his other convictions. See Martin v. Com. of Virginia, 4 Cir., 1965, 349 F.2d 781; cf. Arketa v. Wilson, 9 Cir., 1967, 373 F.2d 582. Consequently, the cited decisions of this court, and other similar decisions, are no longer authoritative as applied to this case. We therefore vacate the order and remand to the District Court for further proceedings. We express no opinion on the merits of any of Imbler's contentions. We restrict our holding to the precise question that we decide.

Vacated and remanded.