**UNITED STATES of America,
Appellee,**

**v.**

**Arthur Benjamin MOORE, Appellant.**

**No. 71-1546.**

United States Court of Appeals,
Ninth Circuit.

Dec. 22, 1971.

Saltzman & Goldin, Hollywood, Cal., for appellant.

Robert L. Meyer, U. S. Atty., Eric A. Nobles, Chief, Crim. Div., Barbara Meiers, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, ELY and TRASK, Circuit Judges.

PER CURIAM:

Arthur Benjamin Moore appeals from his conviction on all counts of a four-count indictment charging possession and sale of secobarbital, a depressant or stimulant drug, in violation of 21 U.S.C. § 331(q) (2) and (3) (Supp. V, 1970) (since repealed). Count one charged possession of 5,240 capsules containing secobarbital on May 16, 1969. Count two charged that Moore sold and delivered these capsules to Agent Michael T. Hurley of the Federal Bureau of Narcotics and Dangerous Drugs on the same day. Count three charged possession of 5,190 capsules containing secobarbital on May 22, 1969. Count four charged that Moore sold and delivered these capsules to Agent Hurley on the same day. Concurrent two-year sentences were imposed on all counts.

While the notice of appeal is directed to the judgment in its entirety, Moore's brief on appeal questions only the convictions under counts one and two, pertaining to the May 16, 1969, transaction. It follows that the convictions under counts three and four, being unchallenged in Moore's brief, must be affirmed.

■■ Under the concurrent sentences doctrine, as enunciated by the Supreme Court in Benton v. Maryland, 395 U.S. 784, 791, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), a federal appellate court, as a matter of discretion, may decide that it is unnecessary to consider arguments advanced by an appellant with regard to his conviction under one or more counts of an indictment, if he was at the same time validly convicted of other offenses under other counts and concurrent sentences were imposed. As indicated in *Benton,* whether the appellate court may decide that it is unnecessary to consider certain arguments under the concurrent sentence rule depends upon the court's determination, in the exercise of its discretion, whether it is possible that the convictions which would thus not be examined "will entail collateral legal consequences."

■ We do not perceive what collateral legal consequences adverse to Moore, over and above those springing from the convictions on counts three and four, could result if the convictions on counts one and two are permitted to stand. While appellee urged application of the concurrent sentence rule in the answering brief, Moore has not, by reply brief or otherwise, suggested why it should not be applied.

We accordingly apply the rule and, in the exercise of our discretion, decline to consider Moore's arguments directed solely to the convictions under counts one and two.

Affirmed.