Charles Felix **MORENO**, Plaintiff-Appellant,

v.

L. S. **NELSON**, Warden, Defendant-Appellee.

No. 71–2160.

United States Court of Appeals, Ninth Circuit.

Jan. 12, 1973.

Jerome Fishkin (argued), San Francisco, Cal., for plaintiff-appellant.

Timothy A. Reardon, Deputy Atty. Gen. (argued), Gloria DeHart, Deputy Atty. Gen., William E. James, Asst. Atty. Gen., Herbert L. Ashby, Chief Asst. Atty. Gen., Evelle J. Younger, Atty. Gen., San Francisco, Cal., for defendant-appellee.

Before CARTER and WALLACE, Circuit Judges, and BYRNE, Sr.,* District Judge.

WILLIAM M. BYRNE, District Judge:

Following a plea of guilty to first degree robbery, appellant was sentenced in the California State Court on September 23, 1955, to the term prescribed by law, i. e., five years to life. He took no direct appeal and did not challenge the validity of his conviction and sentence for 13½ years.

After the denial of his petition for a writ of habeas corpus by the California Supreme Court, the appellant filed a petition for the writ in the District Court alleging the same constitutional claims as he did in the state court petitions, i. e., he was not represented by counsel at his preliminary hearing, his arraignment and plea of guilty or his sentencing and that he did not make an intelligent waiver of his right to appointment of counsel. Following the issuance of an order to show cause, appointment of counsel to represent appellant and briefing of the issues, the District Court ruled that in its discre-tion it would decline to entertain the petition because appellant had not exhausted his available state judicial remedies as required by 28 U.S.C. § 2254.[1]

The only issue on this appeal is: Did the District Court abuse its discretion when it declined to entertain the petition because the appellant had, and still has, an available state remedy for litigating his claims? We hold that the District Court did not abuse its discretion and affirm.

■ California law requires an applicant for habeas corpus, where there is substantial delay, to explain the reasons for the delay. In re Schneider, 35 Cal.2d 396, 217 P.2d 934 (1950); In re Swain, 34 Cal.2d 300, 209 P.2d 793 (1949).

■ The record shows that although 13½ years had elapsed from the time of sentence to the first attack upon the judgment of conviction, the appellant made no attempt to explain the long delay in seeking collateral relief in the state courts. While the state court petitions for the writ were denied without opinion, it was not unreasonable for the District Court to assume that the state courts, in each instance, denied the applications because the appellant had failed to comply with California law and explain in his application the reasons for the delay of 13½ years.

Moreno has a remedy in the state courts by filing an application for the writ including an explanation for the substantial delay. Accordingly, it would be improper for the District Court to consider the matter until that remedy has been exhausted. See Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L. Ed.2d 438 (1971).

The judgment of the District Court dismissing the petition is affirmed.

---

* Honorable William M. Byrne, Sr., United States Senior District Judge, Central District of California, sitting by designation.

1. 28 U.S.C. § 2254 "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted un-less it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."