John van GELDERN, Plaintiff-Appellant,

v.

H. V. FIELD, Superintendent, Defendant-Appellee.

No. 72-1475.

United States Court of Appeals, Ninth Circuit.

May 29, 1974.

---

John van Geldern, in pro per.

Evelle J. Younger, Atty. Gen., Thomas J. Brady, Deputy Atty. Gen., San Francisco, Cal., for defendant-appellee.

Before BARNES and TRASK, Circuit Judges, and THOMPSON,* District Judge.

PER CURIAM:

John van Geldern in propria persona appeals the denial, without a hearing, of his petition for a writ of habeas corpus. The statutory basis for van Geldern's petition below was 28 U.S.C. § 2241; this court's jurisdiction is founded upon 28 U.S.C. § 2253. We agree with the District Court that this case presents an appropriate occasion for the exercise of the "concurrent sentence doctrine," as applicable to habeas corpus proceedings, and affirm the judgment denying appellant's petition.

Appellant is presently in the custody of California prison authorities as a result of three separate State convictions. On January 29, 1959, appellant was convicted of two counts of second degree robbery. A concurrent sentence of imprisonment for from 1 year to life was imposed on each count at that time. On April 10, 1959, appellant was again convicted of another two counts of robbery and sentenced on each count to imprisonment for from 1 year to life. The sentences on each robbery count were set to run concurrently with each other and with any prior unexpired term of imprisonment. Finally, on or about February 3, 1970, van Geldern was convicted of 20 counts of selling securities without a permit, eight counts of grand theft, one count of wilfully violating the California securities law, and six counts of securities fraud. Sentences on three of the grand theft counts were ordered to be served consecutively, while sen-

---

* Honorable Gordon Thompson, Jr., United States District Judge, Southern District of California, sitting by designation.

tences on the other counts were set to run concurrently with the first grand theft count. This 1970 conviction has been affirmed by the California Court of Appeal.

It is solely the April 10, 1959, conviction that van Geldern seeks to upset through this habeas corpus petition. In short, he alleges that the proceedings which attended this conviction were constitutionally tainted by (1) the ineffective assistance of counsel, (2) an involuntary plea of guilty, (3) a 2-week delay between arrest and arraignment, and (4) a failure to apprise van Geldern of the charges pending against him. In denying appellant's petition, the District Court held that van Geldern had not exhausted his state remedies and that, moreover, since his status of confinement would not be altered even if van Geldern's petition was granted, the court would, in its discretion, decline to entertain this cause.[1] While we believe that van Geldern has exhausted his available state remedies, we find no abuse of discretion and conclude that this petition was properly denied.

### Exhaustion of State Remedies

Appellant never directly appealed his April 10, 1959, conviction. He did, however, petition a California Superior Court, in 1970, for a writ of habeas corpus, but this petition was denied. The California Court of Appeal denied appellant's second petition on April 8, 1970. Thereafter, appellant petitioned the California Supreme Court for a writ of habeas corpus; the petition was denied on May 28, 1970, upon the basis of Ex parte Swain, 34 Cal.2d 300, 209 P.2d 793 (1949), cert. denied, 338 U.S. 944, 70 S. Ct. 425, 94 L.Ed. 582 (1950), which re-

quires some explanation for a belated collateral attack and some specification of facts in support of a conclusory allegation. Appellant then reapplied to the California Supreme Court and, pursuant to the dictates of Ex parte Swain, attached an affidavit to his application in which he attempted to correct the deficiencies pointed out by the opinion in Ex parte Swain. The California Supreme Court, without conducting a hearing or issuing an opinion, denied appellant's petition on May 19, 1971.

Had appellant failed to reapply to the California Supreme Court, his application for federal habeas corpus relief would be premature. Moreno v. Nelson, 472 F.2d 570 (9th Cir. 1973). However, his second attempt, in which he stated his reasons for the lateness for his desired post-conviction relief and attempted to specify facts, is sufficient to allow a federal court reasonably to believe that, in rejecting appellant's second, corrected application for relief without opinion, the California Supreme Court considered appellant's excuses for lateness, passed to the merits of appellant's constitutional claims, and rejected these allegations. See Moreno, supra at 571. It would not be a reasonable assumption that, as appellee suggests, the denial of the petition without opinion signifies only the inadequate recitation of appellant's explanation for his delay. It seems incongruous that the California Supreme Court, if dissatisfied merely with the presentation of appellant's attempted explanation, would fail to direct appellant's attention again to Ex parte Swain, as it had done in its first denial of the petition. Further, appellant's excuse[2] for the inadequacies of his petition does not compare unfavorably with

---

1. The District Court did not stop at this point, however, and stated that, "in any event," appellant's substantive allegations were lacking in merit. Since we feel that the court was correct in its decision not to exercise its jurisdiction to consider this petition, it is unnecessary for us to pass upon this dicta of the District Court regarding the merits of van Geldern's constitutional claims.

2. Appellant, in his affidavit, attributed the delay primarily to his indigency and unfamiliarity with the law. He also recounted a prison counsellor's advice to avoid any challenge to the conviction for fear of adverse parole consequences, and noted also his inability to obtain law books and other necessary materials until he was transferred to another prison facility. See C.T. at 43–44.

others accepted by that court. *See* In re Saunders, 2 Cal.3d 1033, 88 Cal.Rptr. 633, 637–638, 472 P.2d 921, 925–926 (1970). Accordingly, we find that appellant's federal claims have been "fairly presented" to the California State courts in a manner sufficient to satisfy the recent exhaustion-of-state-remedy requirements enunciated in Picard v. Conner, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

### Concurrent Sentence Doctrine

■■ A federal judge may, in his discretion, refuse to entertain a petition for a writ of habeas corpus should he feel that granting the writ will not significantly affect the position of the petitioner. Bible v. Arizona, 449 F.2d 111, 113 (9th Cir. 1971) (per curiam), cert. denied, 405 U.S. 994, 92 S.Ct. 1268, 31 L.Ed.2d 463 (1972); United States ex rel. Weems v. Follette, 414 F.2d 417, 419 (2d Cir. 1969), cert. denied, 397 U.S. 950, 90 S.Ct. 973, 25 L.Ed.2d 131 (1970). *See* Benton v. Maryland, 395 U.S. 784, 793 n.11, 89 S.Ct. 2056, 23 L. Ed.2d 707 (1969). The proper exercise of this discretion depends upon the degree of prejudice that may be attributed to the challenged conviction. *Weems, supra; see also* Imbler v. Oliver, 397 F.2d 277, 278 (9th Cir. 1968).

■ Appellant contends that this 1959 conviction has caused him to suffer increased punishment and was used as evidence of a prior conviction in the proceedings culminating in his 1970 conviction. This allegation is answered simply by reference to the reporter's transcript of the 1970 proceedings [3] at which the trial judge sustained appellant's objection to the prosecutor's use of the prior conviction now questioned here. Further, the record does not indicate that the judge in the 1970 proceedings used the challenged conviction to administer a punishment more severe than that normally applicable for the offenses charged in the 1970 action.

Although arguing that this 1959 conviction adversely affects his opportunity for parole, appellant has not specified in what manner this consequence attaches to an extent different from any other case in which the concurrent sentence doctrine is applied. Without such a showing of "collateral legal consequences," the District Court's refusal to review the conviction did not constitute an abuse of discretion. *See* United States v. Moore, 452 F.2d 576, 577 (9th Cir. 1971) (per curiam); *compare Imbler, supra* at 277.

■ Appellant also asserts that, should he succeed in obtaining reversals for his other convictions, he still will be subject to the sentence imposed in the challenged proceedings. Yet whether or not appellant will ever succeed in securing reversals of his other convictions, *i. e.,* his first 1959 conviction and his 1970 conviction, is speculative.[4] The mere possibility of success is not an adequate basis upon which to support an allegation of prejudice arising from the conviction contested here. *Cf.* United States v. McKinney, 433 F.2d 921, 922 (9th Cir. 1970). If, as van Geldern contemplates, the other convictions are eventually reversed, habeas corpus relief (or, at least, a hearing on a petition for such relief) will be ripe at that time. Currently, it is premature.

■ Appellant argues that reliance upon "judicial convenience" to support application of the concurrent sentence doctrine in this context itself works a deprivation of constitutional rights. Further, such a practice supposedly invites abuse by state officials as they may now procure a series of unconstitutional convictions, each with sentences running concurrently. We are not persuaded. *See* Benton v. Maryland, 395 U.S. 784, 791, 793 n.11, 89 S.Ct. 2056,

---

3. C.T. at 47–56.

4. As noted, *supra*, van Geldern's 1970 conviction has already been affirmed by the California Court of Appeal.

23 L.Ed.2d 707 (1969); United States v. Moore, 452 F.2d 576, 577 (9th Cir. 1971) (per curiam); United States v. Holman, 436 F.2d 863, 867 (9th Cir. 1970), cert. denied, 402 U.S. 913, 91 S.Ct. 1394, 28 L.Ed.2d 655 (1971). When an adequate demonstration of prejudice is made, habeas relief will be available, whether or not the sentence for the challenged conviction is being served concurrently with another. Imbler v. Oliver, 397 F.2d 277, 278 (9th Cir. 1968).

The judgment is affirmed.