**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Richard Harold TOUS, Defendant-**
**Appellant.**

**No. 72-1209.**

United States Court of Appeals,
Ninth Circuit.

May 5, 1972.

Michael D. Nasatir, of Nasatir, Sherman & Hirsch, Beverly Hills, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Eric A. Nobles, Leslie E. Osborne, Jr., Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before HAMLEY, CHOY and GOODWIN, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction under 26 U.S.C. § 5861(d) (possessing an unregistered machine gun) and a sentence of one year's probation. We affirm.

■■ The first point asserts that a conviction cannot stand without evidence that the defendant received or transported the firearm through interstate commerce. Interstate activity, however, is not an element of the crime under 26 U.S.C. § 5861. The statute is silent on the score of commerce. It is a valid exercise of the power of Congress to tax. United States v. Giannini, 455 F.2d 147 (9th Cir. 1972).

■■ The second point is that, be- · cause he was unaware of the statute's amnesty and registration provision, the defendant was unable to comply with the registration clause of the statute. Ignorance of the statute's amnesty provisions is no defense. Congress can impose upon those who keep machine guns a reasonable duty to inquire about the obligations that may accompany such possession. *See* United States v. Freed, 401 U.S. 601, 609–610, 91 S.Ct. 1112, 28 L. Ed.2d 356 (1971).

Affirmed.