UNITED STATES of America, Appellee,

v.

Robin PEARSON, Appellant.

No. 93–2295.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1993.

Decided Nov. 1, 1993.

Charles M. Shaw, Clayton, MO, argued, for appellant.

Richard L. Poehling, Asst. U.S. Atty., St. Louis, MO, argued, for appellee.

Before McMILLIAN, WOLLMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

McMILLIAN, Circuit Judge.

Robin Pearson appeals from a final judgment entered in the United States District Court[1] for the Eastern District of Missouri, after a jury verdict, finding him guilty of four counts of possession of a machine gun pursuant to 18 U.S.C. § 922(o) and one count of possession of an unregistered silencer pursuant to 26 U.S.C. §§ 5861(d) and 5871. The district court sentenced Pearson to concurrent terms of 27 months imprisonment on each of the five counts, two years supervised release and a special assessment of $250.00. For reversal, Pearson argues that the statutes under which he was prosecuted have no nexus with interstate commerce and are therefore beyond the scope of the constitutional power of Congress. For the reasons discussed below, we affirm the judgment of the district court.

On June 23, 1992, Pearson's residence was searched by St. Louis police officers and one agent of the Bureau of Alcohol, Tobacco and Firearms (AFT) pursuant to a search warrant. The officers and AFT agent seized numerous weapons and gun parts. These included one Uzi carbine, one Heckler & Koch 9mm machinegun, one PWA Commando .223 caliber machinegun, one Uzi machine pistol, and one weapon with an attached silencer.

Pearson asserts that the statutes under which he was prosecuted, 18 U.S.C. § 922(o) and 26 U.S.C. §§ 5861(d) and 5871, have no nexus with interstate commerce, and thus are beyond the constitutional power granted to Congress to regulate commerce. Pearson contends that these statutes regulate mere possession of firearms that have never crossed a state border. Pearson argues that Congress has regulated a class of activities without requiring proof that the intrastate activity has a nexus with interstate commerce. Although we independently review the validity of an act alleged to violate the Commerce Clause, *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803), such a review must be conducted in a highly deferential manner. *United States v. Evans*, 928 F.2d 858, 860 (9th Cir.1991) (*Evans* ).

This court has recently considered and rejected the identical constitutional challenges raised here in *United States v. Hale,*

1. The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

978 F.2d 1016 (8th Cir.1992) (*Hale*), *cert. denied,* —— U.S. ——, 113 S.Ct. 1614, 123 L.Ed.2d 174 (1993). Although Congress need not make specific findings of fact to support its conclusion that a class of activity affects interstate commerce, if Congress makes such findings they carry great weight in this court's analysis. *Perez v. United States,* 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971). *Hale* examined the legislative history of § 992(*o*) and determined that Congress adequately addressed the relationship between the proliferation of machine guns, violent crime, and narcotics trafficking. *See* H.R.Rep. No. 495, 99th Cong., 2d Sess., at 1–5, *reprinted in* 1986 U.S.C.C.A.N. 1327, 1327–31; *Hale,* 978 F.2d at 1018. Congress reasonably concluded that mere possession of firearms threatens the lives and safety of law enforcement officials and the public at large. Accordingly, the enactment of 18 U.S.C. § 922(*o*) represents a valid exercise of Congress' commerce clause power.

Pearson also challenges the constitutionality of 26 U.S.C. §§ 5861(d) and 5871 as beyond any enumerated power of Congress. However, the same general reasons justifying § 922(*o*) are equally applicable to these statutes. The Ninth Circuit has upheld § 5861(d) as a valid exercise of Congress' power to tax. *See United States v. Tous,* 461 F.2d 656, 657 (9th Cir.1972) (citing *United States v. Giannini,* 455 F.2d 147 (9th Cir. 1972)). The Sixth Circuit has upheld § 5861(d) as a rational means of maintaining the public order. *See United States v. Warin,* 530 F.2d 103 (6th Cir.), *cert. denied,* 426 U.S. 948, 96 S.Ct. 3168, 49 L.Ed.2d 1185 (1976).

Therefore, we reject Pearson's arguments and conclude that 18 U.S.C. § 922(*o*) and 26 U.S.C. §§ 5861(d) and 5871 are within Congress' enumerated powers to regulate interstate commerce under the Constitution.

Accordingly, we affirm the judgment of the district court.