

Opinions of the United
States Court of Appeals
for the Third Circuit

12-27-1996

# United States v. Rybar

Precedential or Non-Precedential:

Docket 95-3185

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"United States v. Rybar" (1996). *1996 Decisions.* Paper 19.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/19

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed December 30, 1996

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 95-3185

UNITED STATES OF AMERICA

v.

RAYMOND RYBAR, JR.,
     Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 94-cr-00243)

Argued September 13, 1995

Before: SLOVITER, Chief Judge, and ALITO,
Circuit Judge, and RENDELL, District Judge *

(Opinion filed December 30, 1996)

James H. Jeffries, III (Argued)
Greensboro, NC 27408
 Attorney for Appellant

Bonnie R. Schlueter
Mary Beth Buchanan (Argued)
Office of United States Attorney
Pittsburgh, PA 15219
 Attorneys for Appellee

_____
*Honorable Marjorie O. Rendell, United States District Judge for the
Easter District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

SLOVITER, Chief Judge.

Appellant Raymond Rybar, Jr. was convicted following a conditional guilty plea to two counts of violating 18 U.S.C. § 922(o), which makes it "unlawful for any person to transfer or possess a machinegun." On appeal, he argues that the district court erred in rejecting his challenge to that provision as beyond Congress' commerce power and as violating the Second Amendment. Neither challenge is persuasive. Every court of appeals that has considered a challenge to § 922(o) under the Commerce Clause has upheld the constitutionality of the provision. See United States v. Beuckelaere, 91 F.3d 781 (6th Cir. 1996); United States v. Kenney, 91 F.3d 884 (7th Cir. 1996); United States v. Rambo, 74 F.3d 948 (9th Cir.), cert. denied, 117 S. Ct. 72 (1996); United States v. Kirk, 70 F.3d 791 (5th Cir. 1995)1; United States v. Wilks, 58 F.3d 1518 (10th Cir. 1995); United States v. Pearson, 8 F.3d 631 (8th Cir. 1993), cert. denied, 114 S. Ct. 2132 (1994). Nor has Rybar presented any authority in support of his Second Amendment argument. We examine each claim in turn.

I.

FACTS AND PROCEDURAL HISTORY

On April 4, 1992, Rybar, a federally licensed firearms dealer, attended a gun show in Monroeville, Pennsylvania, and had in his possession a Chinese Type 54, 7.62-millimeter submachine gun, serial number 2052272, which he offered to sell to Thomas Baublitz, who paid him and to whom he transferred possession. The next day, April 5, 1992, Rybar again visited the Monroeville gun show, this time in possession of a U.S. Military M-3, .45 caliber submachine gun, serial number 216831, which he offered

_____

1. On March 5, 1996, the Fifth Circuit granted a rehearing en banc. See United States v. Kirk, 78 F.3d 160 (5th Cir. 1996).

to sell to Baublitz, who paid him for it and to whom he transferred possession.

A grand jury indicted Rybar on two counts of unlawful possession of a machine gun in violation of 18 U.S.C. § 922(o)(1) (Counts I and III), and two counts of unlawful transfer of an unregistered firearm in violation of 26 U.S.C. § 5861(e) (Counts II and IV). Rybar moved to dismiss the indictment on the ground that both statutes were unconstitutional. While the motion was pending, the court