**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 14 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

ROGER ISAAC ROOTS,

       Defendant-Appellant.

Case Nos. 96-8085

(D.C. 95CV 205-J)
(District of Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant Roger Roots, appearing pro se, requests a certificate of appealability to appeal the district court's order denying his petition for post-conviction relief under 28

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 2255. We liberally construe Mr. Roots's pro se pleadings. See Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

Section 102 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) ("AEDPA") (codified at 28 U.S.C. § 2253(c)(1)(B) (Supp. 1997)), requires that a circuit justice or judge "issue[] a certificate of appealability" before an appeal may be made from the final order in a § 2255 action. Prior to the amendment, no certificate of appealability was required. Among other things, the AEDPA amends §§ 2253-2255 of chapter 153 of title 28, which governs all habeas corpus proceedings in the federal courts. The AEDPA also creates a new chapter 154, for habeas proceedings against a state in a capital case.

We have held that a § 2255 movant who files an appeal after the effective date of the AEDPA is first required to obtain a certificate of appealability. See United States v. Riddick, 104 F.2d 1239, 1240 (10th Cir. 1997) ("Applying the new certificate of appealability provisions to pending § 2255 cases in which the notice of appeal was filed after the effective date of the AEDPA does not increase [the defendant's] liability for past conduct or impose new duties with respect to completed transactions.").

Mr. Roots filed this action in September 1995, but filed his appeal in August 1996. The Supreme Court's decision in Lindh v. Murphy, No. 96-6298, 1997 WL 338568 (June 23, 1997), may be read to call our reasoning in Riddick into question. Lindh focused

2

specifically on the applicability to pending cases of the amendments to § 2254(d) of chapter 153 of title 28.

In Lindh, the Supreme Court applied the canon of construction *expressio unius est exclusio alterius*, and focused on the negative implications of § 107(c) of the AEDPA: "Chapter 154[, which applies to capital cases] . . . shall apply to cases pending on or after the date of enactment of this Act." 110 Stat. 1226, see 1997 WL 338568, at *5. The Court observed that because the amendments to chapter 153 do not contain an effective date, by negative implication, "the amendments to chapter 153 were assumed and meant to apply to the general run of habeas cases only when those cases had been filed after the date of the Act [April 24, 1996]." 1997 WL 338568, at *4.

Mr. Roots's case (although clearly not his notice of appeal) was filed before the Act's effective date. Regardless whether the requirements of chapter 153 apply in § 2255 cases after Lindh, Mr. Roots cannot succeed on the merits. On the merits, we affirm the district court's denial of Mr. Roots's motion for post-conviction relief.

BACKGROUND

In March 1990, Mr. Roots was charged with two counts of violating 18 U.S.C.§ 922(g)(1) (possession of a firearm by a felon) and one count of violating 26 U.S.C. § 5861(d) (possession of an unregistered firearm). In August 1991, Mr. Roots entered a guilty plea to the § 5861 offense, in exchange for the government's agreement to drop the

§ 922 charges.  Mr. Roots was sentenced to 20 months imprisonment and 3 years of supervised release.

DISCUSSION

In September 1995, Mr. Roots filed a petition seeking to vacate his conviction and sentence,[1] contending that Congress lacked authority under the Commerce Clause to prohibit the possession of unregistered firearms, absent proof of some case-specific nexus to interstate commerce.[2]  He subsequently filed a second challenge to his conviction, which he characterized as a petition for a writ of habeas corpus.  The district court consolidated his claims, and treated them as motions for post-conviction relief under 28 U.S.C. § 2255.

Mr. Roots based his arguments on United States v. Lopez, 115 S. Ct. 1624 (1995), in which the Supreme Court invalidated 18 U.S.C. § 922(q), a statute that prohibited the knowing possession of a firearm in a school zone.[3]  According to Mr. Roots, § 5861 is

---

[1]      Mr. Roots characterized his September 1995 petition as one for declaratory judgment.

[2]      According to Mr. Roots's petition, the requisite nexus to commerce was lacking in this case because the firearm that was the basis for his conviction was a homemade weapon constructed from household materials.  See Rec. vol. 1, doc. 1 at 5. He asserts that the gun never traveled in or affected interstate commerce in any way.  See id.  Similarly, he claims that "few, if any of those components [of the firearm] were of a commercial or marketable nature."  Id.

[3]      Mr. Roots does not appear to appeal the district court's rejection of his arguments that (1) his indictment "was secured by the use of prejudicially slanted and

4

constitutionally flawed for the same reason the Court struck down § 922(q): neither provision requires proof of a nexus to commerce, nor do they regulate what reasonably could be characterized as commercial activity. See Lopez, 115 S. Ct. at 1634. Mr. Roots also claims he received ineffective assistance of counsel, because of counsel's failure to raise this argument.

We agree with the district court that Lopez does not undermine the constitutionality of § 5861(d) because that provision was promulgated pursuant to Congress's power to tax, see U.S. Const. art. I, § 8, cl.1, not pursuant to the Commerce Clause. See United States v. Dalton, 960 F.2d 121, 124-25 (10th Cir. 1992) (acknowledging that "the registration requirements of the National Firearms Act were passed pursuant to the taxing power"); United States v. Staples, 971 F.2d 608, 609-11 (10th Cir. 1992) (citing Dalton), rev'd on other grounds, 114 S. Ct. 1793 (1993).[4] See

_____

false material in secret;" and (2) the firearm was not a "firearm" within the statutory definition. Rec. vol. 1, doc. 16, ex. L at 1, 3. The district court correctly determined that Mr. Roots waived these arguments by pleading guilty, by failing "to raise them on direct appeal, . . . [by] fail[ing] to demonstrate cause and prejudice sufficient to excuse his failure to raise them on direct appeal, [and by] failing to demonstrate [that] a miscarriage of justice would result absent review on the merits. Rec. vol. 1, doc. 23 at 2. Accordingly, we shall not address these claims. See Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for [the plaintiff] in the absence of any discussion of those issues.") (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)).

[4]    In Dalton, we acknowledged that § 5861 was enacted pursuant to Congress's taxing power, but struck down, on due process grounds, a conviction under that provision for possession of an unregistered machine gun because the 1986 enactment of 18 U.S.C. § 992(o) made it impossible to register machine guns. See 960 F.2d at 124-

also United States v. Copus, 93 F.3d 269, 275-76 (7th Cir. 1996) (upholding § 5861(d) as a permissible exercise of Congress's taxing power); United States v. Pearson, 8 F.3d 631, 633 (8th Cir. 1993) (same); United States v. Tous, 461 F.2d 656, 657 (9th Cir. 1972) (same).

Mr. Roots's ineffective assistance of counsel claim also fails. To prevail, Mr. Roots must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that his counsel's deficient performance was sufficiently prejudicial that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Because Mr. Roots's substantive argument regarding Congress's authority to criminalize his conduct lacks merit, it is apparent that counsel's failure to raise such arguments was neither deficient nor prejudicial to Mr. Roots.

We have considered all of Mr. Roots's arguments and have found them to be without merit. Accordingly, we affirm the district court's dismissal of Mr. Roots's motion for post-conviction relief.

---

25. Dalton is of no comfort to Mr. Roots, however, as he has pointed to no provision comparable to § 922(o) that would prevent the registration of the firearm which was the basis of his conviction. See United States v. Copus, 93 F.3d 269, 276 (7th Cir. 1996) (refusing to apply Dalton to invalidate a conviction for possession of silencers or the making of destructive devices); Staples, 971 F.2d at 609-11 (refusing to apply Dalton to invalidate conviction for possession of an unregistered machine gun where the machine gun could have been registered prior to the effective date of § 922(o)).

6

The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge