**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JUN 30 2004**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RONNIE LEE HOUSTON, a/k/a
Ronald Lee Houston,

    Defendant-Appellant.

No. 03-7092
(E.D. Okla.)
(D.Ct. No. 02-CR-56-S)

---

**ORDER AND JUDGMENT** [*]

---

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior
Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Ronnie Lee Houston, a federal prisoner represented by counsel, pled guilty to possession of an unregistered firearm in violation of 18 U.S.C. § 2 and 26 U.S.C. §§ 5861(d) and 5871. The district court sentenced Mr. Houston to 120-months imprisonment, and this appeal followed.

After Mr. Houston filed a timely notice of appeal, his counsel filed an appeal brief, pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), alleging that, in his opinion, no meritorious appellate issues exist and requesting an order permitting him to withdraw as Mr. Houston's counsel. Consistent with the dictates of *Anders*, counsel has nevertheless raised one sentencing issue to support an appeal, generally asserting the district court erred by not allowing Mr. Houston to withdraw his guilty plea. Pursuant to *Anders,* this court gave Mr. Houston an opportunity to raise points in response to the *Anders* brief, which he did by filing a reply brief, raising several appeal issues. *See id.* Exercising our jurisdiction under 28 U.S.C. 1291, we affirm Mr. Houston's conviction and sentence.

## I. Procedural Background

On August 1, 2002, a grand jury indicted Mr. Houston on seven counts, including: 1) being a felon in possession of a firearm; 2) possession of an

unregistered firearm; 3) transportation of a stolen motor vehicle (*i.e., a bulldozer*); 4) unlawful transportation of stolen vehicles in interstate commerce (*i.e.*, a backhoe and case dozer); 5) unlawful transportation of a stolen vehicle in interstate commerce (*i.e.*, a pickup truck); 6) knowingly and wilfully conspiring to commit the crime of fraud and related activity in connection with access devices, related to the theft of credit card numbers from stolen receipts; and 7) criminal forfeiture. Mr. Houston then pled guilty to one count of possession of an unregistered firearm in exchange for dismissal of the other six counts in the indictment.

Although represented by counsel, Mr. Houston nevertheless filed *pro se* objections to the presentence report, and later a *pro se* motion to withdraw his guilty plea. Following a psychiatric examination requested by Mr. Houston and psychological report finding him competent to stand trial, the district court held a competency hearing at which time Mr. Houston stipulated he was competent to stand trial. During the hearing, Mr. Houston made a *pro se* request for dismissal of his counsel. The district court then held a hearing on this request together with Mr. Houston's motion to withdraw his guilty plea, at which time it granted Mr. Houston's motion to dismiss counsel and appointed another public defender to represent him. The district court then held another hearing on Mr. Houston's

motion to withdraw his guilty plea. After hearing arguments from Mr. Houston's new counsel, the district court denied the motion. At the sentencing hearing, the district court overruled Mr. Houston's *pro se* objections to the presentencing report and imposed a 120-month sentence for possession of an unregistered firearm in violation of 18 U.S.C. § 2 and 26 U.S.C. §§ 5861(d) and 5871.

## II. Discussion

Consistent with *Anders*, Mr. Houston's counsel raises on issue on appeal: whether the district court erred in denying Mr. Houston's *pro se* motion to withdraw his guilty plea. Nevertheless, counsel points out Mr. Houston admitted to knowingly possessing a Herrington Richardson 14-gauge shotgun not registered to him, and never articulated any "fair or just reason" for withdrawing his guilty plea. His counsel also suggests granting Mr. Houston's request to withdraw his guilty plea would be "unjust and unfair" because he would face an indictment with six additional counts, resulting in a multi-count conviction warranting a much greater sentence than the one imposed. After performing a "conscientious examination of the record" and thorough research of the issue presented, Mr. Houston's counsel concludes the appeal lacks merit.

In response, Mr. Houston filed a seventeen-page *pro se* reply brief listing

multiple grounds for his appeal. In his primary assertion, he contends the statute

to which he pled guilty, 26 U.S.C. § 5861(d), as well as the act in which it is

contained, the National Firearms Act Amendments of 1968, 26 U.S.C. §§ 5801-

02, 5811-12, 5821-22, 5841-49, 5851-54, 5861, 5871-72,[1] are unconstitutional

because: 1) Congress lacks the "enumerated power to require registration of

firearms"; 2) Section 5861(d) is not a legitimate tax generating statute, but one

simply intended to unfairly punish for possession of a weapon; and 3) Section

5861(d) requires registration of a short-barreled shotgun, which is impossible to

register because it is illegal to own.

Next, Mr. Houston suggests the district court erred in denying his motion to

withdraw his guilty plea, because 1) he was never called to testify at the hearing

on the matter; 2) he twice asserted his innocence to the district court; and 3) his

counsel was ineffective representing him at the district court and now on appeal.

As to his innocence, Mr. Houston claims he asserted it twice when he complained

about counsel stating "I feel he's already got me found guilty of something I'm

not guilty of yet," and when at sentencing, he said "I did try to assert my

_____

[1] While Mr. Houston refers to the National Firearms Act, we will assume he is referring to the current amendments to the act passed in 1968, which replaced the original Act in its entirety.

-5-

innocence on the guns at the time not having knowledge that they were in the truck....  I didn't have no knowledge of them guns being in that truck."  With respect to his ineffective assistance of counsel claim, Mr. Houston contends his counsel improperly failed to pursue his *pro se* request for withdrawal of his guilty plea, both in the district court and now on appeal.  Finally, Mr. Houston alleges his counsel's "feelings" on whether it is "fair and just" to subject him to a multi-count indictment are irrelevant and instead, counsel should act as Mr. Houston's advocate, which his current counsel failed to do by filing an *Anders* brief.

We first address Mr. Houston's primary assertion 26 U.S.C. § 5861(d) and the 1968 amendments to the National Firearms Act are unconstitutional.  We review *de novo* constitutional challenges to a statute or an act.  *United States v. Parker*, 362 F.3d 1279, 1281 (10th Cir. 2004).  Mr. Houston fails to establish 26 U.S.C. § 5861(d) and its parent act are beyond Congress' enumerated power to either regulate commerce through firearms registration requirements, or impose a tax thereon.  *See, e.g., Sonzinsky v. United States*, 300 U.S. 506, 512-14 (1937) (rejecting argument that registration tax on short-barreled shotgun is not true tax, but a penalty to suppress trafficking of noxious firearms); *United States v. Thompson*, 361 F.3d 918, 921 (6th Cir. 2004) (concluding 26 U.S.C. § 5861(d) is supportable as a legitimate revenue purpose); *United States v. Pearson*, 8 F.3d

631, 632-33 (8th Cir. 1993) (holding 26 U.S.C. § 5861(d) represents a valid exercise of Congress' commerce clause power). *See also United States v. Freed*, 401 U.S. 601, 602-03, 605, 608-09 (1971) (upholding registration requirements of the amended act as not violating the Fifth Amendment and a proper regulatory measure in the interest of public safety).

Likewise, we reject Mr. Houston's due process argument 26 U.S.C. § 5861(d) unconstitutionally subjects him to a registration requirement for a firearm which he alleges is illegal to own. We rejected the same argument in *United States v. McCollom*, 12 F.3d 968 (10th Cir. 1993), saying:

> In *Dalton*, we held that it was unconstitutional to convict the defendant under section 5861(d) for possession of an unregistered machine gun because the government refused to register machine guns due to the ban on [them], imposed by 18 U.S.C. § 922(o).... Thus, a separate criminal statute prohibiting possession of the weapon made registration a literal and legal impossibility....
>
> ....
>
> The distinguishing feature between the short-barreled shotgun in this case and the machine gun in *Dalton* is that there is no statutory ban on the registration of short-barreled shotguns.
>
> ....
>
> Even if it is unlikely that the firearm would have been accepted for registration, the defendant has cited no statute which makes the possession of short-barreled shotguns illegal.... Different from *Dalton*, the registration of this weapon was not a legal impossibility.

*Id.* at 970-71 (quotation marks and citations omitted).  *Accord United States v. Shepardson*, 167 F.3d 120, 123-24 (2d Cir. 1999) (following *McCollom* and holding "lack of any statutory ban on the registration of sawed-off shotguns is sufficient evidence of the possibility of registration to satisfy due process").  For the same reasons here, Mr. Houston's claim fails.

Next, we address Mr. Houston's claim the district court erred in dismissing his motion to withdraw his guilty plea, because he was never called to testify at the hearing on the matter, twice asserted his innocence, and received ineffective assistance of counsel.  We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion, and will not reverse the denial of such a motion unless the defendant can show the district court acted unjustly or unfairly.  *See United States v. Carr*, 80 F.3d 413, 419 (10th Cir. 1996).  It is the defendant's burden to establish "a fair and just reason" for withdrawal of the plea, and in determining whether the defendant has met this burden, the following factors are considered:  1) whether the defendant asserted his innocence; 2) prejudice to the government; 3) delay in filing the motion to withdraw; 4) inconvenience to the court; 5) assistance of counsel; 6) whether the plea is knowing and voluntary; and 7) waste of judicial resources.  *See United States v. Black*, 201 F.3d 1296, 1299-3000 (10th Cir. 2000); *United States v. Gordon*, 4

F.3d 1567, 1572 (10th Cir. 1993).

In considering Mr. Houston's *pro se* motion to withdraw his guilty plea, the district court heard from both his counsel on the matter at three separate hearings. Both counsel, familiar with any inculpatory evidence against Mr. Houston, pointed out withdrawal of his guilty plea would not serve his best interests and could instead subject him to multiple criminal counts and a much greater sentence. After considering counsels' concerns, the district court also expressly considered and weighed all the required factors in determining whether Mr. Houston met his burden of establishing "a fair and just reason" for withdrawal of the plea. In favor of granting the motion, the district court found Mr. Houston did not delay in filing his motion, and a withdrawal of his guilty plea would not unduly prejudice the government, inconvenience the court, or waste judicial resources. Nevertheless, the district court found Mr. Houston never asserted his innocence, his guilty plea was "obviously knowing and voluntary," and he received effective assistance of counsel because both his attorneys served as "very capable trial lawyers who are among the best to defend individuals ... in criminal cases." Weighing these three factors against the others, the district court denied Mr. Houston's motion to withdraw his guilty plea.

Having reviewed the record, and applying the applicable law and standard of review, we conclude the district court did not abuse its discretion in denying Mr. Houston's motion to withdraw his guilty plea. First, we note one of Mr. Houston's assertions of "innocence" came only at sentencing, long after the hearings on and resolution of his motion to withdraw his plea. We note the other assertion, when he stated "I feel he's already got me found guilty of something I'm not guilty of yet," pertained to complaints about his counsel.

However, even if we assume Mr. Houston sufficiently declared his innocence, the district court nevertheless determined his knowing and voluntary guilty plea and the effectiveness of his counsel weighed in favor of denying his motion. We agree. First, our review of the record establishes his guilty plea was patently knowing, voluntary, and intelligent, and as his counsel points out, Mr. Houston admitted committing the crime for which he was convicted, in contradiction of his later assertion of innocence.

Next, we reject Mr. Houston's claim of ineffective assistance of counsel of both attorneys who represented him. Because "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel," *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), it follows the

same test applies to a counsel's representation on a motion to withdraw a guilty plea. Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a defendant asserting ineffective assistance of counsel must show both that counsel's performance was deficient and the deficient performance prejudiced the defense. To satisfy the performance test of *Strickland*, the defendant must show his counsel's representation fell below an objective standard of reasonableness, and thereby, "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 688-89 (quotation marks and citation omitted).

At the hearing where he pled guilty, Mr. Houston expressed satisfaction with his first attorney who represented him during his plea agreement. Nothing in the record suggests his first attorney acted ineffectively, and the district court only dismissed him at a subsequent hearing after Mr. Houston expressed dissatisfaction with him based on "irreconcilable differences," primarily centered on Mr. Houston's disagreement with his attorney's advice Mr. Houston should not withdraw his guilty plea because his criminal history could taint the jury's opinion of him; he would face multiple counts, resulting in a much stiffer sentence under the guidelines; and the likelihood he would lose a sentence reduction for acceptance of responsibility. Like Mr. Houston's initial counsel, his

next and current counsel similarly recognized the sound trial strategy of advising his client to proceed with his guilty plea to one count of the indictment, rather than risk a conviction on multiple counts and an increased sentence. We cannot say either counsel acted ineffectively in advising Mr. Houston and later the court, of the risks of withdrawing his guilty plea. As to Mr. Houston's charge his current counsel failed to act as his advocate by filing an *Anders* brief, it is clear his counsel did so under the strictures of *Anders* and a perceived responsibility to do what was in the best interest of his client. For these reasons, Mr. Houston has not shown counsels' performance was deficient.

Although it is not an enumerated factor we consider in reviewing a request to withdraw a guilty plea, we nevertheless have considered and rejected Mr. Houston's assertion the district court erred in denying his motion because he was never called to testify at the hearing on withdrawal of his guilty plea. Even though Mr. Houston did not testify or speak at the second hearing on his motion to withdraw his plea, a review of the record shows Mr. Houston testified at an initial hearing on the same motion. On appeal, he fails to show he requested an opportunity to address the court at the latter hearing or explain what additional testimony he would have offered at that time to support his motion. Moreover, given his prolific *pro se* requests during the course of the proceedings, and the

district court's attentive response to those requests, Mr. Houston has not shown anything prevented him from requesting the opportunity to speak at the final hearing on his motion to withdraw his plea. For these reasons, we find his failure to testify unpersuasive in establishing the district court abused its discretion in denying his motion to withdraw his guilty plea.

After considering all the factors relevant to a motion to withdraw a guilty plea, taken together with counsel's well-reasoned *Anders* argument that granting Mr. Houston's motion would subject him to six additional, serious felony counts and a greater sentence, we are persuaded the district court did not abuse its discretion in denying Mr. Houston's motion to withdraw his plea.

### III. Conclusion

After a careful review of the record on appeal, we grant counsel's request to withdraw and **AFFIRM** Mr. Houston's conviction and sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge